## SOUTHERN CASUALTY CO. v. WELCH MOTOR CO. et al. (No. 473.)

(Court of Civil Appeals of Texas. Waco. Jan. 27, 1927.)

1. **Appeal and error** &#x229C;713(3)—That special exceptions were acted on must appear from judgment for action to be reviewable.

Bills of exception are insufficient to bring up for review action on special exceptions, but the judgment must show that they were acted on.

2. **Trial** &#x229C;366—Party must except to special issues before submitted (Rev. St. 1925, art. 2185).

Under terms of Rev. St. 1925, art. 2185, where a cause is submitted on special issues, parties must except thereto before they are submitted.

3. **Insurance** &#x229C;672—Judgment on automobile fire policy, payable to mortgagee, rendered in favor of mortgagee for unpaid amount of mortgage against mortgagor and insurer jointly and in favor of mortgagor against insurer for same amount, held in proper form.

In suit on automobile fire policy, payable to mortgagee as its interest might appear, judgment for amount of mortgage unpaid in favor of mortgagee and against mortgagor and insurer jointly and in favor of mortgagor against insurer for same amount, *held* in proper form, and satisfied by payment of the judgment as written.

4. **Insurance** &#x229C;389(6)—That automobile insured against fire was rented without driver held no defense, where insurer's agents knew thereof, and additional premium was charged because automobile was service car.

That automobile fire policy provided that automobile should be used only by insured or by his chauffeur, and that automobile at time it was burned was being operated by person to whom it had been rented without driver, *held* no defense, where insurer's agents knew at the time policy was issued and thereafter that the automobile was rented out to parties without a driver and additional premium was charged because automobile was a service car.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Suit by the Welch Motor Company against C. A. Riddle and the Southern Casualty Company. C. A. Riddle asked for affirmative re-

lief against Southern Casualty Company. From the judgment, the Southern Casualty Company appeals. Affirmed.

Walter T. Thomason, of Wortham, for appellant.

W. W. Mason, of Mexia, for appellees.

BARCUS, J. Appellee Welch Motor Company sold to C. A. Riddle an automobile, and in part payment thereof took Riddle's note and had same secured by a mortgage on the automobile. Appellant issued a fire insurance policy covering the car, payable to Welch Motor Company as its interest might appear. This suit was instituted by the Welch Motor Company against appellant and Riddle, alleging that there was still unpaid $400 on the mortgage note, that the car had been totally destroyed by fire, and asking for judgment against appellant and Riddle jointly for the amount thereof. The cause was tried to a jury, submitted on special issues, and resulted in judgment being rendered for the Welch Motor Company as prayed for. This appeal is prosecuted alone by appellant.

[1] Appellant assigns error to the action of the trial court in overruling certain special exceptions. There is nothing in the judgment of the trial court which shows that the exceptions were called to the attention of the trial court or that it in any way acted thereon. The action of the trial court on special exceptions cannot be preserved by bills of exception, and, unless its judgment shows that the same were acted on, its action thereon cannot be reviewed by the appellate court. Garcia v. Yzaguirre (Tex. Com. App.) 213 S. W. 236; Hall v. Williams & Ellis (Tex. Civ. App.) 267 S. W. 520. We do not, however, think the trial court erred in overruling, if it did, the exceptions.

[2] Appellant complains of the action of the trial court in submitting certain special issues to the jury. It did not in any way object to said issues being submitted, and under the statute, where a cause is submitted on special issues, unless the parties except thereto before same are submitted, they waive all objections. Article 2185, Revised Statutes; Mansfield v. Rigsby (Tex. Civ. App.) 273 S. W. 290. We do not, however, think there was any error in the court's submitting the issues it did submit.

[3] Appellant complains of the form of the judgment as entered by the trial court, in that it renders a joint judgment against Riddle and the insurance company, and then based on the pleadings of Riddle, renders a judgment in favor of Riddle over against appellant for the amount which the Welch Motor Company recovered against him. We do not think there is any merit in appellant's contention. The payment by appellant of the judgment as written will satisfy same in its entirety.

[4] The policy issued by appellant on the car provided that it could be used for hire and livery purposes "while operated and controlled by the assured or by a person regularly employed by him as chauffeur, but not otherwise." Appellant contends it is not liable because the evidence shows the car at the time it was burned was being operated by a party to whom it had been rented without a driver. We do not agree with this contention. The jury found that appellant's agents knew at the time it issued the policy, and knew after same had been issued, that the car was used as a service car, and was being rented out to parties without a driver. Appellant's agent testified that he knew these facts when the policy was issued, and that the company had charged an additional rate for the car being used as a servcie car, and that, after the policy was issued, he knew that the car was being rented to parties without a driver, and that he did not in any way cancel the policy or make any complaint. There was no dispute about the car being totally destroyed, and the jury found that its value at the time of destruction was $600. The judgment is for $400, being the amount of the unpaid balance due Welch Motor Company on its note.

We have examined all of appellant's assignments of error, and do not think any reversible error is shown.

The judgment of the trial court is affirmed.