**INTERNATIONAL–GREAT NORTHERN RY. CO. v. STRAUB. (No. 656.)**

Court of Civil Appeals of Texas. Waco. April 26, 1928.

Rehearing Denied June 7, 1928.

1. **Appeal and error ⊂⟩713(3)—Trial court's rulings on exceptions should be preserved in recorded judgment entered thereon to be reviewable.**

Rulings of trial court on exceptions, in order to be reviewed on appeal, must be preserved in recorded judgment entered thereon, and cannot be preserved by bill of exception.

2. **Railroads ⊂⟩478(3)—Overruling of defendant's exception to allegation in petition that engine was not properly equipped held not error, in action against railroad for setting fire.**

In action against railroad for setting fire and destroying roots and turf of grass, overruling of defendant's special exception to portion of petition which alleged that engine causing fire was old and not properly equipped was not error.

3. **Appeal and error ⊂⟩742(2)—Proposition presented on appeal embracing distinct issues is not in proper form.**

A proposition, presented on appeal, which embraces separate and distinct propositions and issues, is not in proper form for consideration.

4. **Damages ⊂⟩174(1)—Testimony as to value of grass land, in action against railroad for setting fire, held admissible, where there was no market for grass land in vicinity and grass was kept for plaintiff's individual use.**

In action against railroad for setting fire to grass lands, testimony of witnesses as to intrinsic value of grass and land of plaintiff *held* admissible, where witnesses had testified that no grass land was being sold in the vicinity, that there was no market value for it, and where it appeared that plaintiff was preserving the grass for his individual use.

5. **Damages ⊂⟩159(5)—Petition, in action against railroad for setting fire, which alleged destruction of grass of reasonable value of $500, authorized introduction of testimony as to value of grass.**

In action against railroad for destruction of grass by setting fire, petition, alleging that the grass destroyed was of the reasonable value of $500, that the fire injured and destroyed the roots and turf of the grass, and injured the soil to the amount of an additional $500, authorized the introduction of testimony of witnesses as to the value of the grass.

6. **Railroads ⊂⟩484(4, 5)—Railroad's negligence causing destruction of grass by fire from locomotive held for jury.**

Issue of railroad's negligence causing destruction of grass due to fire from locomotive *held* for jury, under evidence of escape of fire from engine's fire box and presence of dry grass and weeds along the right of way.

7. **Railroads ⊂⟩478(3, 4), 482(4, 5)—Pleadings and evidence, showing growth of grass and weeds near right of way and escape of fire from locomotive, sustained recovery against railroad for destruction of grass.**

In action against railroad for destruction of grass by fire from locomotive, petition, alleging railroad's negligence in permitting grass, weeds, and trash to accumulate in right of way, and operation of engine in negligent manner and failure to exercise ordinary care to extinguish fire, and evidence as to railroad's negligence, escape of fire, and value of grass destroyed, *held* sufficient to support findings allowing $250 damages to plaintiff.

Appeal from District Court, Brazos County; W. C. Davis, Judge.

Suit by August Straub against the International-Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

F. L. Henderson, of Bryan, and Morris, Sewell & Morris, of Houston, for appellant.
J. G. Minkert, of Bryan, for appellee.

BARCUS, J. This suit was brought by appellee against appellant, seeking to recover damages which he claims to have suffered by reason of appellant having burned the grass on about 150 acres of his land. Appellee alleged that the grass destroyed was of the reasonable value of $500, and that the fire burned and injured and destroyed the roots and turf of the grass and injured the soil to the amount of an additional $500. Appellee alleged that appellant was negligent in permitting large quantities of dry grass, weeds, leaves, and trash to accumulate upon its right of way, and that the agents of appellant in charge of the operation of the engine which set fire to said grass were operating the same in such a careless and negligent manner that fire escaped from the fire box and smokestack and set said grass and weeds and trash upon its right of way on fire. He alleged further that after the fire had been started, the agents and employees of appellant could have, by ordinary care and diligence, extinguished the same, but they failed to do so and permitted it to escape from the right of way of appellant onto his land and destroy the grass and injure the soil. Appellant answered by a number of special exceptions, and alleged specifically that there was a high wind blowing at the time the fire originated, which caused the same to spread and burn the grass on appellee's land, and that the high wind was the proximate cause of appellee's grass being burned. The jury, in response to special issues, found that the locomotive on appellant's railway set the grass on fire, and that appellant did not use ordinary care in operating said locomotive; that the employees of appellant did not exercise ordinary care to prevent the fire from spreading to appellee's land after they discovered same; and that appel-

lee had been damaged to the extent of $250. They further found that there was an unusually high wind blowing at the time of the fire, but that it was not the sole, independent intervening and proximate cause of appellee's grass being burned. The trial court entered judgment for appellee for $250.

[1, 2] Appellant presents only three propositions as grounds for reversal. By its first proposition it contends that the trial court committed error in overruling its special exception to that portion of appellee's petition which alleged that the engine which caused the fire was old and not properly equipped and that its appliances were not in good condition. It does not appear from the judgment of the trial court that this, or any of the special exceptions of appellant, were acted on by the trial court. Appellant has attempted to preserve the ruling of the trial court on this and several other special exceptions to appellee's petition by bills of exception. The courts have uniformly held that the rulings of the trial court on exceptions, in order to be reviewed by the appellate court, must be preserved in a recorded judgment entered thereon, and that same cannot be preserved by a bill of exception. Southern Casualty Co. v. Welch Motor Co. (Tex. Civ. App.) 291 S. W. 272, and authorities there cited. We have examined this special exception, however, and do not think there was error in the action of the trial court in overruling same.

[3-5] By its second proposition appellant contends that the trial court committed error in permitting appellee and two of his witnesses to testify what the intrinsic value of the grass and land of plaintiff was, without requiring plaintiff to first show that said land and grass had no market value; and that the court erred in its charge to the jury, which incorrectly states the measure of damage; and erred in submitting the issue of damage to the jury because there was no evidence to warrant same; and erred in refusing to instruct the jury to return a verdict for it. This proposition embraces some half dozen separate and distinct propositions and issues, and we do not think same is in proper form to be considered. We have, however, carefully considered the various issues presented therein and same are overruled. The witnesses testified that they were familiar with the conditions existing in the country, and that no grass land was being sold, and that so far as they knew there was no market in the country for the kind and class and character of grass in controversy. Appellee testified that he was a cattle man and was preserving the grass for his individual use and that it was not for sale. The witnesses testified specifically that in their opinion the grass was worth from $2 to $5 an acre. The objection made by appellant to the testimony of these

7 S.W.(2d)—8

witnesses with reference to the value of the grass was, in effect, that there was no pleading to support same. We think the pleadings were abundantly sufficient to authorize the introduction of this testimony.

[6, 7] By its third proposition appellant contends that the trial court erred in refusing to give its peremptory instruction to the jury to return a verdict in its favor, its contention being that there is neither pleading nor evidence to support the submission of the cause to the jury. We overrule this proposition. The witness Todd testified that he had to wait at the crossing on or near appellee's land for a freight train to pass; that he had not, before the train passed, seen any fire; that immediately after the train passed he saw a small fire on the right of way of appellant some 300 yards from where he crossed the railway track; and that the fire spread from the railroad track onto the property of appellee and destroyed his grass. The witness Armstrong for appellant testified that all the engines used by appellant on the railway in question at the time were oil burners and would not emit sufficient sparks to set grass on fire. Appellee Straub testified that at the place where the fire originated, grass and weeds were growing on the right of way and up on top of the track and in between the rails, and that it was dry and easy to burn. He further testified that he had on several different occasions, a short time before the fire in question, seen fire escaping from the fire box in engines that were burning oil and set the grass and oily cross-ties on fire under the engine between the tracks. There were several witnesses who testified relative to the damage caused to the land by reason of the roots of the grass and turf being burned, these estimates being from $2 to $10 per acre, and the evidence of the value of the grass was from $2 to $5 per acre. Appellee in his petition alleged that the appellant was guilty of negligence in permitting grass and weeds and combustible material to accumulate on its right of way, and that the locomotive used by appellant expelled quantities of live coals and embers and caused and permitted them to fall into and among the grass, leaves, weeds, and trash which had accumulated upon and near the right of way, and that the value of the grass destroyed was $500, and the injury to the land in addition to the grass destroyed was $500. We think the pleadings and testimony are sufficient to support the findings of the jury and the judgment of the trial court. Ft. W. & N. O. Ry. Co. v. Wallace, 74 Tex. 581, 12 S. W. 227; G. H. & S. A. Ry. Co. v. Harris (Tex. Civ. App.) 216 S. W. 430.

We have examined each of appellant's propositions, and same are overruled.

The judgment of the trial court is affirmed.