## LERER v. RAINES.

### No. 2395.

Court of Civil Appeals of Texas. El Paso. April 10, 1930.

Rehearing Denied May 1, 1930.

John J. Fagan, of Dallas, for appellant.
White & Yarborough, of Dallas, for appellee.

PELPHREY, C. J.

This suit was instituted by appellee, surviving widow of Anderson Raines, deceased, against appellant, seeking a recovery for damages by reason of the death of said Anderson Raines. Appellee alleged that Anderson Raines, deceased, was engaged as a day laborer hauling junk for appellant, and that while so employed he received accidental injuries, while in the regular course of his employment, which later resulted in his death. Appellee further alleged that at the time of such injuries appellant had working for him in his business more than three employees and was therefore eligible to carry compensation insurance concerning his employees, but that he was not a subscriber under the Workmen's Compensation Law.

As grounds of negligence upon which she sought to hold appellant liable, appellee alleged that he was negligent in keeping and maintaining a dangerous team of horses with which he caused Anderson Raines to work; in failing to furnish sufficient help to said Anderson Raines to move the heavy iron to be moved by him; in failing to furnish an employee to hold the team while Anderson Raines was engaged in unloading the wagon; and in failing to furnish Anderson Raines a safe place in which to work.

Appellant answered by general demurrer, special exceptions, general denial, specially de-

622

nied that the death of Anderson Raines was caused by the injuries complained of, but alleged that his death was a result of disease contracted outside of his employment, and pleaded assumed risk.

By trial amendment appellee further alleged that appellant was negligent in failing to furnish Anderson Raines with proper and necessary help and equipment to handle and unload a large piece of iron, weighing several hundred pounds, and that said Anderson Raines was injured in attempting to handle and unload said heavy piece of iron with only one man and no equipment with which to handle same.

The cause was submitted to a jury on special issues, who found: (1) That appellant failed to provide deceased a safe place in which to work; (2) that appellant required deceased to use and drive a team of horses that were unruly and hard to control; (3) that appellant failed to furnish deceased proper and necessary help in unloading his wagon; (4) that appellant was negligent in not furnishing deceased some one to hold the team while unloading the wagon; (5) that in each of those particulars appellant was negligent, and that each constituted a proximate cause of the death of deceased; (6) that deceased did not die from a disease contracted outside of his employment; and (7) that $3,900 would reasonably compensate appellee for her loss.

Judgment was rendered by the trial court against E. Lerer for the above amount, and he has appealed.

### Opinion.

■ Appellant's third assignment of error complains of the court's action in overruling his general demurrer to appellee's petition. We have carefully studied the petition and have concluded that it presents a cause of action, and the assignment is therefore overruled.

■ Assignments of error numbers 4, 5, 6, 7, 8, 9, 10, and 11 all are directed to the court's action in overruling special exceptions to appellee's petition. The courts of our state have uniformly held that rulings of the trial court on exceptions, in order to be reviewed by the appellate court, must be preserved in a recorded judgment entered thereon, and that same cannot be preserved by a bill of exceptions. I. & G. N. Ry. Co. v. Straub (Tex. Civ. App.) 7 S.W.(2d) 112; National Bank of Hopewell v. Marshall (Tex. Civ. App.) 2 S.W.(2d) 471; Southern Casualty Co. v. Welch Motor Co. (Tex. Civ. App.) 291 S. W. 272; Cohen v. Hill (Tex. Civ. App.) 286 S. W. 661; Hall v. Williams & Ellis (Tex. Civ. App.) 267 S. W. 520; Ilseng v. Carter (Tex. Civ. App.) 158 S. W. 1163; Withers v. Crenshaw (Tex. Civ. App.) 155 S. W. 1189; Bishop v. Mount (Tex. Civ. App.) 152 S. W. 442; Daniel v. Daniel (Tex. Civ. App.) 128 S. W. 469, 471 (writ of error denied).

We find bills of exceptions setting forth the action of the court in overruling these exceptions, but have failed to find in the transcript any judgment thereon. This being the condition of the record, we are not at liberty to consider the questions presented, and these assignments are also overruled.

■ Appellant's twelfth assignment of error complains of the court's action in admitting certain evidence of the witness Dr. R. T. Hamilton, and contends that same was error in that it was calculated to mislead the jury and cause them to believe that an insurance company carrying accident insurance had recognized the disability of Anderson Raines. The bill of exceptions which appellant took to this evidence reads:

"Be it remembered that on the trial of the above cause in this court, the following proceedings were had to-wit: While the witness, Dr. R. T. Hamilton, was on the witness stand testifying in behalf of the plaintiff, said witness testified as follows:

"Q. Syphillis is a venereal disease? A. It is.

"Q. This insurance company you examine for paid him off for total disability, didn't they?

"Mr. Fagan: We object to that question, he has opened up the subject, your Honor.

"The Court: What is it?

"Mr. Fagan: He says some insurance company paid him for total disability. That hasn't anything in the world to do with this.

"The Court: No, sir. Gentlemen of the jury, you will disregard that entirely.

"Mr. Yarborough: How long have you been examining for that company? A. I was one of the examiners—I think they came and opened an office in Dallas about 1921 or 1920, something like that.

"Q. And your acquaintanceship and your experience with them in your work, is it a fact or not a fact that they don't pay off anything when a person is disabled by venereal disease?

"Mr. Fagan: We object to that, going back to try some suit between some insurance company and this man about his insurance policy.

"The Court: Gentlemen of the Jury, go out in the hall a minute. (Jury retires.)

"The Court: Go ahead, I will not let in any more of it.

"To which action of the Court, and to the questions and answers aforesaid in the presence of the jury, then and there in open court at the time thereof objected and excepted, as shown by the foregoing proceedings, and here and now in open court tenders this his Bill of Exception No. 4, and prays that the same may be examined, approved, signed by the court and ordered filed as a part of the record in this cause."

From an examination of the above it will readily be seen that the effect complained of

by appellant was not called for by the evidence admitted.

Dr. Hamilton had testified without objection that he had been sent to see the deceased by an insurance company that he carried a policy with.

The question as to whether the insurance company had settled with deceased for total disability was not a proper one, but the bill of exception reveals that the same was never answered by the witness, and therefore the jury had no means of knowing what, if any, settlement the insurance company had made of the matter.

It seems from the bill of exceptions that the court sustained all of the objections made, and therefore the assignment is without merit. Appellant reserved his bill of exceptions to the cross-examination of appellant as follows:

"While the defendant, E. Lerer, was on the witness stand testifying in his own behalf, counsel for the plaintiff, on cross-examination, asked the following questions:

"Q. That is five? A. Yes.

"Q. At least five? A. Yes.

"Q. Did you carry compensation insurance? A. No, sir.

"Q. You were in the junk business then and are in the junk business now handling and moving iron? A. Yes, sir.

"Q. And you know this compensation is provided?

"Mr. Fagan: We object to that.

"Mr. White: Let us get our question in.

"Mr. Fagan: We object to that and we take a bill of exception to going into that matter.

"The Court: I am not going to let you go any farther.

"Mr. White: Will the court let us have our bill?

"The Court: No, I won't let you have anything, I won't allow you to ask the question."

To which action of the court, in permitting said questions to be asked, as above set forth, the defendant then and there, objected and excepted at the time thereof, as shown by the foregoing proceedings.

The above bill is made the basis of one of appellant's assignments of error, and in support of his contention that the proceeding constituted reversible error he claims appellant was injured by the introduction of the testimony by reason of the fact that it made it appear that appellant had been negligent in not carrying compensation insurance.

Under article 8306, Revised Statutes 1925, an employer who is eligible to become a subscriber under the Workmen's Compensation Act and fails to do so is precluded from interposing the defenses of assumed risk, contributory negligence, or the negligence of a fellow servant. Wilson Hydraulic Casing Pulling Mach. Co. v. James (Tex. Civ. App.) 271 S. W. 424; Breckenridge Ice & Cold Storage Co. v. Hutchens (Tex. Civ. App.) 260 S. W. 684.

Appellant in this case having pleaded assumed risk, the question as to his being a subscriber under the Compensation Act, and as to his eligibility to become such subscriber, became material, and we find no error in the court's action in admitting the evidence.

Appellant's next proposition is to the effect that his motion for an instructed verdict should have been granted.

One of the reasons assigned by him is that the evidence shows such a high degree of negligence on the part of deceased as to preclude a recovery.

The evidence in this case being undisputed that appellant was eligible to become a subscriber, under the Workmen's Compensation Act, and that he was not such subscriber, he could not rely upon such defense.

We have examined the statement of facts and are of opinion that the motion was properly overruled.

Appellant's fourteenth, fifteenth, and sixteenth propositions complain of the court's action in submitting to the jury the issues as to appellant's failure to furnish deceased a safe place to work, proper and necessary help in unloading the wagon, and in furnishing some one to hold the team while the wagon was being unloaded.

The evidence of Sanger Raines, the only witness who testified as to the conditions surrounding the deceased at the time of the alleged accident, shows that he was the only person there to help the deceased in unloading the wagon; that there was a narrow driveway into which the wagon was driven to be unloaded; that the iron had to be thrown up on a pile of junk about as high as the wagon to keep it from rolling back under the wagon; that one piece of iron which was to be unloaded was very heavy, weighing three or four hundred pounds; that the team deceased was driving was unruly and in the habit of surging and jerking against the load; and that while he and deceased were attempting to throw the heavy piece of iron up on the pile, the team jerked the wagon causing deceased to fall striking his head on the railing on the side of the wagon.

We are of the opinion that the above was sufficient basis upon which the court properly submitted the issues complained of.

The trial court refused to submit the following special issue requested by appellant:

"Do you find from the preponderance of the evidence that the deceased, Anderson Raines, died from a paralytic stroke brought about as a result of having contracted syphillis?"

Appellant pleaded that the death of Anderson Raines was a result of some disease con-

tracted outside of his employment, and the trial court submitted to the jury this issue:

"Do you find from a preponderance of the evidence that Anderson Raines, the deceased, died from some disease contracted outside of his employment with the defendant?"

■ We think the issue was substantially embodied in the main charge, and that no error was committed in refusing the requested issue. Ryan Lumber Co. v. Conn (Tex. Civ. App.) 20 S.W.(2d) 388; Leal v. Leal (Tex. Civ. App.) 4 S.W.(2d) 985; D. & H. Truck Line v. Hopson (Tex. Civ. App.) 4 S.W.(2d) 1013.

The argument of counsel, which is made the basis of appellant's twenty-third assignment, in discussing the fact that appellant had failed to carry compensation insurance, to our minds, did not cause the jury to believe the appellant in failing so to do was guilty of such gross negligence as would justify them in penalizing him therefor.

The trial court instructed the jury not to consider the argument, and we find nothing in the record suggesting that the jury was swayed or prejudiced by anything other than the facts as adduced.

■ Appellant's assignment as to the excessiveness of the verdict is likewise overruled.

The judgment of the trial court is affirmed.