## BAKER CO. v. TURPIN et al.

No. 1231.

Court of Civil Appeals of Texas. Waco.

Sept. 15, 1932.

Rehearing Denied Oct. 13, 1932.

Callaway & Reed, of Dallas, for appellant.

Hughes & Monroe and P. P. Ballowe, all of Dallas, for appellees.

GALLAGHER, C. J.

This appeal is prosecuted by the Baker Company, appellant herein, from a judgment of the district court in favor of Mrs. Sarah Turpin, appellee herein, for actual and exemplary damages for false imprisonment and forcible ejectment from its hotel building in the city of Dallas.

Appellee, at the time the events occurred out of which this suit arose, was Mrs. Sarah Mitchell, a widow. Before the trial she married her coappellee, E. G. Turpin, who thereupon joined her in this suit. The Baker Company is a corporation and at the time the events occurred as aforesaid, operated the Baker Hotel in said city. Mr. Fenton H. Baker was then and there vice president of the company and general manager of said hotel. Henry Love was an assistant manager and O. B. McCormick was manager or foreman of a barber shop maintained by appellant in said building. Appellee was on August 21, 1929, and had been for more than a year prior thereto, an employee of appellant. She had served for several months when first employed as cashier in the barber shop and for the remainder of the time as cashier in the caveteria, maintained by appellant in said building, with certain additional duties not necessary to describe. On the date aforesaid she was advised that Mr. Baker, the manager, had ordered her discharged. According to her testimony, she continued at the request of the auditor, to discharge her duties as cashier at the caveteria until after lunch time. She further testified that next morning she was checked out by the auditor and received her salary up to and including the day before; that she then attempted to see Mr. Baker and secure reinstatement but that he was busy; that she then went to the caveteria for lunch; that while eating her lunch she discovered that McCormick, the manager of the barber shop, was sitting at a nearby table; that she went to the table where he was sitting and had a conversation with him; that she charged him with having been the cause of her discharge and asked him to meet her outside and talk the situation over with her, and that he agreed to do so. There is some conflict in the testimony with reference to her manner and what was said at the time. She further testified that she then left the caveteria and went upstairs to see a party about securing another position; that the party was out and that she then went to the barber shop to see and talk with Mr. McCormick; that he was not in; that the young lady manicurist in the shop had done her work for a long time and she decided to have a manicure; and that she was so engaged until she was forcibly ejected from the building, as hereinafter recited. McCormick was called as a witness by appellant. He testified that he told appellee in the conversation at the caveteria that, if she wanted to see him, she would have to see him in the barber shop; that he would be there in a few minutes and that he would not go elsewhere to talk to her. He further testified that about twenty minutes after the conversation in the caveteria he went to the door of the barber shop and saw appellee; that he then went to Mr. Baker and told him that he did not want appellee in the barber shop, that she had raised a row in the caveteria; that Mr. Baker told him to report the matter to Love and have him report to the officers, and that he conveyed this message to Love. Love testified that he then went to the barber shop and found appellee at the manicure table; that he told her that he did not want her business and would like for her to leave the shop and stay out of it; that she declined to go; that he then reported to Mr. Baker, who instructed him to call an officer. Love further testified that he then sent for a policeman

and told him, when he arrived, that appellee had been cutting up in the caveteria and that he wanted him to make her behave or take her out. The policeman testified that Love told him to go down to the barber shop and remove appellee, that she was "raising Cain." He further testified that when he reached the barber shop appellee was having a manicure. Appellee testified in this connection that said policeman, and another who came with him, took her by the arm, led her out of the barber shop, up the stairs, out of the building, onto the street, and to the corner of the block, and there turned her loose.

The case was submitted on special issues, in response to which the jury returned answers in substance as follows: (1) Appellee did not leave the barber shop voluntarily after talking with the policemen therein. (2) Appellee was compelled by the officer to leave the barber shop. (3) Such compulsion by such officer was without probable cause and was (4) at the instance of Henry Love. (5) Said Love, assistant manager of the hotel, without probable cause, instructed the officer to remove appellee from the barber shop. (6) He did not have reasonable ground at the time of such removal to believe that she would create a disturbance in said barber shop if not removed therefrom. (7) Said Love, at the time he procured the presence of the policemen, was acting within the scope of his authority as assistant manager of the hotel.

The jury, in response to further issues submitted, assessed appellee's actual damage for physical and mental pain, suffering, humiliation, and mortification, at the sum of $500, and awarded her exemplary damages in the further sum of $500.

### Opinion.

■ Appellant presents several assignments of error in which it asserts that the court overruled various special exceptions addressed by it to appellee's petition, and erred in doing so. The transcript fails to show that such special exceptions were ever called to the attention of the court or that any rulings thereon were made. Appellant presents another assignment in which it complains of the action of the court in sustaining a general demurrer to a trial amendment filed by it. The transcript contains the trial amendment referred to in said assignment and a general demurrer thereto by appellee. No order sustaining said demurrer was entered upon the minutes of the court. The court, however, indorsed on said trial amendment that he had permitted the same to be filed but that he had sustained appellee's general demurrer thereto. Said indorsement could not in any event have a higher standing than a formal bill of exceptions showing such action, duly allowed by the court and filed as a part of the record in the cause. Rulings of the trial court on demurrers are part of the record and must be entered on the minutes and copied in the transcript. They cannot be perpetuated and presented for review on appeal by a bill of exceptions. Hall v. Williams & Ellis (Tex. Civ. App.) 267 S. W. 520, 521, par. 1, and authorities there cited; Ineeda Laundry v. Newton (Tex. Civ. App.) 33 S. W.(2d) 208, 210, par. 1; Epting v. Nees (Tex. Civ. App.) 25 S.W.(2d) 717, 719, par. 9 (writ refused); Lerer v. Raines (Tex. Civ. App.) 27 S.W.(2d) 621, 622, par. 2, and authorities there cited; International-Great Northern Ry. Co. v. Straub (Tex. Civ. App.) 7 S.W.(2d) 112, 113, par. 1; Willis v. Graf (Tex. Civ. App.) 257 S. W. 664. All the aforesaid assignments are therefore overruled.

■ Appellant presents an assignment of error in which it complains of the action of the court in admitting in evidence, over its objection, the testimony of appellee that she was the mother of two small boys; that they lived with her at the time the events under consideration occurred; and that they still lived with her. Appellant supports this assignment by reference to the statement of facts, which merely shows that it entered a general objection to such testimony. Since the evidence in this case raised the issue of exemplary as well as actual damages, the testimony complained of was admissible. St. L. S. W. Ry. Co. of Texas v. Thompson, 102 Tex. 89, 99, 100, 113 S. W. 144, 19 Ann. Cas. 1250, and authorities there cited; 8 R. C. L. 632, § 173.

■ Appellant presents an assignment of error in which it complains of the action of the court in admitting, over its objection, testimony of appellee that its manager, Henry Love, several months prior to the events under consideration, made improper advances to her. Said Love was one of the principal actors in having appellee ejected from appellant's barber shop and hotel. He was a married man and appellee, at the time, a widow. She testified that in her work she was subject to his orders; that he made advances to her, called her "Peaches," wrote notes to her, and insisted on her going out with him; that she declined on the ground that he was a married man; that the matter culminated in some sharp words to each other; that after that time he was habitually rude to her, to all of which she was forced to submit because he had authority to have her discharged. This testimony tended to show motive and malice and was properly admitted.

■■ Appellant presents assignments of error in which it complains of the action of the court in overruling various objections to the charge. Appellant objected to the charge of the court in connection with the issue of exemplary damages, on the ground that it did not correctly state the circumstances, under which such damages were recoverable against

a corporation. It objected to the definition of the term "probable cause" as used in the charge, on the ground that the same was not a true legal definition of the term, and to the definition of the term "scope of authority" used in the charge because the same was not a true legal definition of such term. The purpose of the statute which requires the court to prepare his charge and submit the same to counsel for both parties for inspection and criticism, is that court and counsel should thus join in a frank and sincere effort to secure a proper submission of the case. To effect such purpose, counsel's objections to the charge should be specific, constructive, and helpful. They should be in such form as to enable the court to readily understand their scope and meaning, and to enable him, if necessary, to modify his charge in the light thereof. The objections urged by appellant to the charge of the court in this case were too general to require consideration and the court did not err in overruling the same. Chase Bag Co. v. Longoria (Tex. Civ. App.) 45 S.W.(2d) 242, 244, pars. 4 to 6, inclusive, and authorities there cited.

■■ Appellant presents an assignment of error in which it complains of the action of the court in submitting to the jury, over its objection, the issue of exemplary damages. Appellant's specific contention in this connection is, that being a corporation, the testimony was wholly insufficient to charge it with liability for such damages. Mr. Fenton H. Baker was vice president of the corporation and general manager of the hotel. Henry Love was assistant manager. McCormick, manager of the barber shop, testified that after the conversation between him and appellee in the cafeteria, in which he told her that he would see her and talk to her in the barber shop in a few minutes, he reported the incident to Mr. Baker and told him that she had gone to the barber shop and that he did not want her in there; that Baker told him to report the matter to Love and to have him report it to the officers; that he immediately did so. Love testified that he also went to see Mr. Baker about the matter and that he told him to call an officer. He further testified that he sent a boy across the street for Mr. Gambrell, a policeman; that he told Gambrell when he arrived that he wanted him to go in there and make appellee behave herself or take her out. Mr. Gambrell, the policeman, testified that Love told him that appellee was "raising Cain" and asked him to go down there and remove her; that when he went into the barber shop she was sitting quietly at the table getting a manicure. The testimony showed that appellee was immediately ejected from the shop and from the building, as elsewhere recited herein. The above brief recital shows that Mr. Baker, an executive officer of the corporation, in charge of the management and control of the hotel, authorized

appellee's removal, and that Love, his assistant, took the necessary steps to effect such removal. Both of them represented appellant in its corporate capacity. The testimony raised an issue as to appellant's liability for exemplary damages and the court did not err in submitting the same. Chronister Lumber Co. v. Williams, 116 Tex. 207, 212, 288 S. W. 402 et seq.; Western Union Telegraph Co. v. Brown, 58 Tex. 170, 174, 175, 44 Am. Rep. 610; Western Cottage Piano & Organ Co. v. Anderson, 97 Tex. 432, 436, 79 S. W. 516; Hays v. H. G. N. R. R. Co., 46 Tex. 272, 284. The manner in which such issue was submitted was not challenged by appellant by any specific objection and it should therefore be held to have acquiesced therein. Chase Bag Co. v. Longoria, supra, page 244 of 45 S.W.(2d) par. 7.

■■ Appellant presents an assignment of error in which it contends that certain argument by appellee's attorney in his closing speech to the jury was improper and constitutes reversible error. We do not deem it necessary to set out the excerpt complained of. Appellee's attorney was repeating some of the evidence with reference to appellee's purpose in going into the barber shop, her protestation that she had done no wrong, and the action of Love in having her ejected. In the course of such recital he referred to one of appellant's witnesses, apparently McCormick, as "a little skunk," and in conclusion stated, in substance, that such was the humiliation and disgrace that this big corporation has heaped upon this little woman. According to McCormick's testimony, he in effect invited appellee to come to the barber shop and promised her that he would be there in a few minutes and would see and talk with her. Instead, when he saw that she had acted upon his suggestion or invitation, he appealed to Mr. Baker to have her removed. The testimony affirmatively shows that all the time she was in the barber shop she conducted herself in a quiet and orderly manner. There is no contention that she actually did anything while there which caused or justified her removal therefrom. McCormick did not return to the barber shop until after her removal was effected. Appellee's attorney, under such state of facts, was justified in criticizing his conduct. While the opprobrious epithet was improper and should not have been used, we do not think, under the circumstances, it could be held to in any way justify a reversal of the judgment. Sterling v. St. L., I. M. & S. Ry. Co., 38 Tex. Civ. App. 451, 86 S. W. 655, 658 (writ refused). Appellee pleaded affirmatively that it was a corporation and that it owned and operated the Baker Hotel in Dallas. There is also sufficient testimony to show affirmatively that said hotel was a large one. When appellee's attorney referred to appellant as a "big corporation," he was strictly within the record. Considering the state of

the record, his remark amounted to no more than if he had said: "This is the humiliation and disgrace that defendant, The Baker Company, has inflicted upon this little woman." Such a statement clearly would have been permissible argument. Appellee's counsel did not attempt to amplify nor emphasize the statement so complained of. We do not think it can be reasonably said that this casual reference to appellant's corporate capacity and the size of its business was calculated to affect or did affect the verdict returned by the jury in this case. Federal Surety Co. v. Smith (Tex. Civ. App.) 25 S.W.(2d) 994, 1000, par. 7 [reversed on other grounds (Tex. Com. App.) 41 S.W.(2d) 210]; Magnolia Pipe Line Co. v. Leach (Tex. Civ. App.) 17 S.W.(2d) 471, 472, par. 2; Jackson v. Jackson (Tex. Civ. App.) 35 S.W.(2d) 830, 834, pars. 2 to 5; Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108, 1113, par. 11; G., C. & S. F. Ry. Co. v. Norfleet, 78 Tex. 321, 325, 14 S. W. 703.

We have examined all the assignments which appellant has presented as ground for reversal and have reached the conclusion that none of them justify such action. The judgment of the trial court is therefore affirmed.