## MERRICK v. STREET.

No. 13305.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 24, 1936.

Rehearing Denied Feb. 21, 1936.

See, also, 84 S.W.(2d) 518.

W. E. Fitzgerald, of Wichita Falls, for appellant.

Bernard Martin, O. R. Tipps, and C. J. Brannan, all of Wichita Falls, for appellee.

BROWN, Justice.

Appellee, Sam Street, brought suit against John F. Merrick, alleging that Merrick was his employer and that Merrick at the time appellee received injuries in the course of his employment was then employing three or more persons, and therefore was subject to the provisions of the Workmen's Compensation Law (Vernon's Ann. Civ.St. art. 8306 et seq.), under which appellee sues. But appellee alleged that appellant did not carry insurance, and, therefore, he sued under the provisions of the Workmen's Compensation Law covering such cases.

The case was tried to the court without a jury, and resulted in a judgment for appellee against appellant.

The principal contention made on the appeal is that the pleadings and proof with respect to the employment are at fatal variance.

Since the trial court found for appellee, we are warranted in believing that the testimony given by appellee of where he was injured, is controlling. At one time we find appellee testifying that he was employed by Mr. Merrick and Mr. Belcher; that he worked on three different leases, known as the Merrick & Belcher lease, the Merrick & Goldsmith lease, and the Harry Peters lease. He testified positively that at the time he was injured he was working on the Merrick & Goldsmith lease.

The undisputed testimony given by appellant Merrick is that the Merrick & Goldsmith lease is owned by appellant and Alexander Goldsmith and two other persons, whose surnames are Stedham and Thrasher.

Under the authority of New Amsterdam Casualty Co. v. Harrington, 290 S.W. 726, by the Commission of Appeals, we feel that the case must be reversed and remanded. In the Harrington Case, Dr. Gragg owned the lease in question with

852

Butler, Lynch, and others whose names were not disclosed, and he undertook to take out workmen's compensation insurance in his own name. Harrington brought suit against the insurance carrier, alleging that Gragg was his employer and that Gragg carried an insurance policy protecting him. The evidence showed that a copartnership, composed of Gragg and others, was his employer, and that Harrington was engaged by Gragg to work for the partnership firm. The evidence showed that when Harrington gave notice of his injury to the Industrial Accident Board, he stated that he was in the employ of Butler, Gragg, and Lynch, and the Commission of Appeals held that although it may have been shown that the company by the issuance of the policy intended to provide for the payment of compensation to the employees of the copartnership and that the policy was issued in the name of Gragg for the use and benefit of the copartnership and its employees, nevertheless, recovery could not be had by Harrington under this proof, because there was no allegation in his pleading to support a cause of action based on such facts. The Harrington Case was reversed and remanded because of this variance.

It is true no policy of insurance is involved here, but it is admitted that appellee is suing under the provisions of the Workmen's Compensation Law, and we consider the Harrington Case authority for our action in reversing and remanding this cause.

■ We cannot consider the assignments of error relating to the overruling of the demurrer and special exceptions, because the action of the court in this regard is neither incorporated in the judgment nor in any order spread on the minutes of the trial court. But appellant attempts to bring it to us by way of a bill of exceptions. This cannot be done. Lerer v. Raines (Tex.Civ.App.) 27 S.W.(2d) 621, and cases cited.

■ We are further of the opinion that in order to show that an employer has three or more employees working for him, thereby bringing him under the provisions of the Workmen's Compensation Law, it is necessary to make proof that such employees are engaged in and about the same enterprise. This seems to us to be the spirit of the law, and we do not believe that it can be shown that the employer has one man working for him in one kind of business, two working for him in a totally different kind of business, and two others working for him in another altogether and separate kind of business, in order to bring him within the terms of the Workmen's Compensation Law, but that the law was intended to protect employees who are engaged in the same business enterprise.

■ We wish further to say that if the proof should show on another trial that appellee was injured on either of the leases owned by Mrs. Merrick, the cause of action cannot lie against Mr. Merrick as an employer.

Judgment of the trial court is reversed, and the cause remanded.