KOENIG et al. v. GRAND LODGE OF ORDER OF SONS OF HERMAN et al.

No. 14174.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 31, 1941.

Rehearing Denied Feb. 28, 1941.

Marcellus Kleberg, of Fort Worth, for appellants.

John L. Poulter, of Fort Worth, for appellees.

BROWN, Justice.

Charles Specht, deceased, was the father of Mrs. Bertha S. Koenig and Herman C. Specht. He secured a life insurance policy in October, 1921, from a fraternal organization known as The Sons of Herman, and named his said son as the beneficiary. Later, in June, 1936, the insured changed the beneficiary and made his said daughter such. He died in February, 1939, and the son and daughter both claimed the proceeds of the policy.

Confronted with such a situation, the insurer filed a bill of interpleader, setting up such facts and the further fact that in March, 1935, the insured borrowed $200 from the insurer on the policy and owed such sum, with the accumulated interest at six per cent per annum, and it paid the face of the policy—$1,000—into the treasury of the court, less the amount of the loan and interest—the sum tendered being $764.67, and it prayed that Mrs. Koenig and Herman Specht be brought into court in order to determine to whom the said monies belong and that it be discharged with its costs and a reasonable attorney's fee as a stakeholder.

Herman Specht answered that he had an oral agreement with his father, whereby he was to pay the insurance premiums provided his father made him the beneficiary, and that he had paid all such premiums on such promise and the promise to keep him as the beneficiary. He further alleges that he p⁻id all such premiums up to June 28, 1936, the total sum paid being $545.60; that he therefore has a vested right in the proceeds of the policy, or at least that he has a lien on the proceeds to the extent of the premiums paid by him. He further alleged that his father did not have mental capacity to understand and realize the consequences of his act at the tme he was induced to change the beneficiary.

Mrs. Koenig answered that the insured had the right to change the beneficiary in said insurance contract; that he did so, and she thus became the owner of and had the right to the proceeds of same. She further pleaded that she, out of her separate funds, paid all of the premiums on such policy from the time she was named beneficiary until her father's death—the sum so paid being $117.80. She further pleaded that she likewise paid all of the funeral expenses in the sum 'of $306.50. She also prayed for all the proceeds and in the alternative for the funeral expenses and premiums paid by her.

The cause was tried to a jury and the following findings made to special issues: (1) That in 1921 Charles Specht and Herman Specht had a verbal agreement to the effect that ·if Herman would pay the premiums on the policy of insurance, Charles Specht would make Herman the beneficiary and maintain the policy in that condition, (2) that Herman paid $548.70 on premiums, in pursuance of such agreement, (3) that at the time the beneficiary was changed, Charles Specht did not have sufficient mental ability to understand ·the nature and effect of the transaction there involved, (4) that Mrs. Koenig has paid premiums in the sum of $108.50.

The litigants agreed that the stakeholder was entitled to a fee of $100.

The trial court then rendered judgment deducting the amount of the loan on the policy, the $100 fee, and awarded $108.50 to Mrs. Koenig and the balance of $547.27 was awarded to Herman Specht.

Mrs. Koenig, joined by her husband, appeals.

Before discussing the issues, it is necessary to state that no complete state-

ment of facts has been brought to us. A partial statement containing the testimony of only three witnesses, and which shows upon its face that it was brought up only in connection with a bill of exception taken to argument made by Herman Specht's attorney, is before us, and the certificate of the trial judge discloses that it is approved as such and the court uses this language: "The foregoing is approved as being the transcript of testimony of the witnesses, Herman C. Specht, Bertha S. Koenig and Theo Koenig, given upon the trial of the above cause, with respect to a bill of exception preserved to the argument made by John Poulter, attorney for contestant, Herman Specht, but not as to the other witnesses who testified in said case."

■ We find no reversible error in any of the argument, to which exception is taken, and these assignments of error are overruled, because of the absence of all of the evidence introduced and the absence of the argument of opposing counsel, where the bills of exception urge that there was no evidence and no argument to provoke the argument. Atchison, T. & S. F. Ry. Co. v. Locklin, 87 Tex. 467, 29 S.W. 469; Corn et al. v. Crosby County Cattle Co. et al. Tex.Com.App., 25 S.W.2d 290.

■ The assignment of error complaining of the overruling of two general demurrers is presented by a bill of exception, which cannot be done. The transcript must contain an order, or judgment, showing the disposition made of the demurrers and the exception taken. Merrick v. Street, Tex.Civ.App., 91 S.W.2d 851, writ refused.

An assignment of error complaining that the trial court refused the oral request of the appellants to define the terms "mental ability" and "mental capacity" is brought forward by a bill of exception showing that the request was merely oral. There is no provision in our procedure for such requests to be made orally, and if so made and the trial court overrules the same there can be no error.

■ Under the provisions of Articles 2185, 2186, 2188 and 2189, Revised Civil Statutes, all objections to the court's charge must be in writing, and acted upon by the court, or they are waived, and all special charges must be prepared by the party desiring same given, presented to opposing counsel and the court and acted upon by the court before error can be shown.

■ The objections to the charge as disclosed by the transcript, pages 30 to 32, show no objection to the charge because of a failure to define the above-mentioned terms, and no requested charge to so define appears in the record.

■ But if it is incumbent upon us to pass upon this assignment of error, we find no error shown.

The issue complained of is: "From a preponderance of the evidence, do you find that at the time of the change of beneficiary of the policy of insurance in question here, Charles Specht did not have sufficient mental ability to understand the nature and effect of the transaction there involved?"

Such cases as McCleskey v. McCleskey, Tex.Civ.App., 7 S.W.2d 657, resolve the contention against appellants.

We do not believe that the term, or terms, need to be defined. We hold that the language used in the issue is not technical and that it is such that ordinary persons serving on juries can and do understand it, as it was used.

■ The assignment of error urging that the trial court should have made special issue No. 1 read so as to require Herman Specht to pay all of the premiums down to the death of Charles Specht is without merit, because the case was not pleaded and presented on such a theory, and, as we view the record, Herman Specht was entitled to recover, under the verdict, all of the proceeds of the policy that was payable to the beneficiary except the amount of premiums that were paid by Mrs. Koenig. The judgment so provides, and, as is disclosed by the record, Herman Specht actually recovered only the amount of premiums that he paid, and which amount the jury found.

■ The assignments of error which attempt to attack the verdict and judgment on the theory that they are not supported by the evidence, or because they are contrary to the overwhelming preponderance of the evidence, cannot be considered by us because there is no complete statement of facts presented, and we have no way of knowing what the evidence was on which the charge was prepared and the judgment rendered.

The bill of exceptions showing that the trial court permitted the witness Ginn to testify as to his opinion of the mental condition of Charles Specht, on the theory that such witness had not testified to acts or facts on which to base his opinion, does not show reversible error, because same was qualified by the trial judge with the statement: "This bill does not show all of the testimony of such witness."

The bill does not purport to show all of the testimony of the witness and the qualification distinctly states that the bill does not show it.

Without a statement of facts we are unable to say that the trial court erred in permitting the witness to give his opinion as to the mental condition of Charles Specht.

This record reveals a just and fair judgment as between this brother and sister, who are contending for the proceeds of the insurance contract.

When the required deductions were made by the trial court, the amount remaining was a few dollars less than the aggregate sums paid by these children, and the trial court divided such sum on the basis of the premiums paid by each, as found by the jury, awarding first the premiums paid by Mrs. Koenig, and the balance to Herman Specht.

We find no error; all assignments of error are overruled and the judgment is affirmed.