### Western Cottage Piano and Organ Company v. B. E. Anderson.

#### No. 1303. Decided March 21, 1904.

1.—Foreign Corporation—Citation—Service on Agent.

An agent of a foreign corporation attending to its business generally throughout the State is not one of the officers specifically named nor included in the term local agent, on whom service of citation against such corporation is authorized by article 1223 of the Revised Statutes. (P. 435.)

2.—Same—Motion to Quash Service—Appearance.

The overruling of defendant's motion to quash service required him to answer at that term, and error in such ruling could be availed of on appeal without making a further motion to continue till next term before entering appearance. (P. 435.)

3.—Corporation—Agent—Exemplary Damages.

A foreign corporation having no officer within the State was liable in exemplary damages for an act of its general agent conducting its business in the State and authorized to act therein without referring to the matter to any other person for direction or advice, to the same extent that it would have been if present in person or by its manager in doing such act. (P. 436.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Anderson sued the piano company and the latter appealed from a

judgment in favor of plaintiff, on affirmance of which it obtained writ of error.

*F. M. Brantley*, for plaintiff in error.—The court erred in holding the purported service on the defendant sufficient and in declining to quash the return as to the purported service, for the reason that it was nowhere charged in the pleadings that the person to whom the copy of the citation was delivered was an agent or representative of any kind of the defendant, and it appeared from the affidavit of the person on whom the purported service was had that he was not at the time of such service an agent or representative of the defendant or such agent or representative on whom service could legally be had, and no evidence or affidavit of any kind was offered controverting the truth of the same. Jones v. City of Jefferson, 66 Texas, 578; City of Jefferson v. Jones, 74 Texas, 635.

The nature of the case as set forth in the averments contained in plaintiff's petition, and the facts as adduced from the evidence on the trial, did not admit of the submission in the charge to the jury of the issue of punitory or exemplary damages. Gulf C. & S. F. Ry. Co. v. Moore, 69 Texas, 159; Western U. Tel. C. v. Brown, 58 Texas, 174; Tynburg v. Cohen, 67 Texas, 224; Heidenheimer v. Sides, 67 Texas, 34; Gulf C. & S. F. Ry. Co. v. Reed, 80 Texas, 365; Haddock v. Taylor, 74 Texas, 217.

*W. R. Parker*, for defendant in error.—The citation was served in Tarrant County upon Alcott, who was the representative in that county as well as the other counties in the State. Sayles' Civ. Stats., arts. 1222, 1223.

If it should be held that the service should have been quashed, then we say the defendant was properly in court by filing its motion and affidavit to quash the service, and was then in court for every purpose. Sayles' Civ. Stats., art. 1243; York v. State, 73 Texas, 651; St. Louis A. & T. Ry. Co. v. Whitley, 77 Texas, 126; Sam v. Hockstadler, 76 Texas, 162; Kauffman v. Wooters, 79 Texas, 205; Central & M. Ry. Co. v. Morris, 68 Texas, 49.

When defendant filed its answer it entered its appearance and was in court for every purpose just as effectually as if properly served, and this is true even if the answer is filed for the purpose of denying jurisdiction. A defendant can not invoke the action of the court without coming into court to do so. If the service is bad he should stay out of court, for in such case any judgment rendered will be void. Sayles' Civ. Stats., art. 1242; York v. State, 73 Texas, 651; St. Louis A. & T. Ry. Co. v. Whitley, 77 Texas, 126; Mexican C. Ry. Co. v. Charman, 24 S. W. Rep., 958.

In this case McCarley was one of the managing officials and in full control of all of appellant's business in Texas, Indian Territory, and several other States. He created agencies and closed them up, made

settlement, collected claims, etc., and had all the power and discretion, within the limits of his territory, that could have been exercised by the highest official of the corporation. He was not circumscribed except by the bounds of his territory in which he acted, and his power and discretion were without limit.

BROWN, ASSOCIATE JUSTICE.—From the opinion of the Court of Civil Appeals we make the following extract:

"This suit was begun in the District Court of Tarrant County on the 10th day of June, A. D. 1902, by appellee B. E. Anderson, seeking to recover of appellant, the Western Cottage Piano and Organ Company, the sum of $465.65, alleged to have been advanced or paid by appellee in the discharge of an indebtedness in that sum of one John F. Mann and associates to appellant, on the faith of certain alleged representations of the agent of appellant as to the solvency of said Mann and associates, and on the faith of the sufficiency of a certain chattel mortgage held by appellant against said Mann as security for said indebtedness. Appellee alleged that said alleged representations were knowingly, maliciously and fraudulently false, tendered back said chattel mortgage, and asked for the recovery back of said sum, and also for the recovery of exemplary damages in the further sum of $1000."

The citation was issued to the sheriff or any constable of Tarrant County and commanded him to summon the Western Cottage Piano and Organ Company, a corporation, contained all the necessary elements of a citation, and was returned by the sheriff of Tarrant County with this indorsement: "Came to hand this the 19th day of June, 1902, and executed the 20th day of June A. D. 1902, by delivering to John Alcott, State agent for the Western Cottage Piano and Organ Company, the within named defendant, in person, a true copy of this writ," which was signed by the sheriff of Tarrant County. The writ was returnable to the second Monday in September, 1902, which was the 8th day of that month, and on the 9th day of that month the defendant filed a motion to quash the return of the sheriff because it was not served upon any agent of the defendant authorized by the statute. Accompanying the motion was an affidavit from John Alcott, on whom the citation was served, stating in effect that he was at the time a resident citizen of Dallas County, Texas; that he was not the local agent of the defendant in Tarrant County, nor in any county in the State; that the only relation or connection existing at the time, or at any time prior or subsequent thereto, between him and defendant was that he was a salaried traveling employe of the defendant throughout the territory of the States of Louisiana, Arkansas and Texas, whose only duties and powers were to check up and receive reports from the various dealers or merchants who were engaged in handling and selling musical instruments within said territory obtained from said defendant, receive payment for the same and to receipt therefor on behalf of the defendant, and to receive and forward to defendant offers or contracts from persons offering

to handle defendant's goods in said territory. The District Court overruled the motion to quash, after which the defendant filed its answer and trial was had which resulted in a verdict and judgment for the plaintiff for $465.65 actual damages and $500 exemplary damages.

The Court of Civil Appeals failed to make a full statement of the facts in this case, and we shall assume in passing upon the question that the evidence was sufficient to justify the verdict of the jury for exemplary damages if the proofs shows that McCarley was such an officer or agent of the corporation as that it would be responsible in exemplary damages for his fraudulent, malicious or other wrongful acts. The scope of McCarley's duties and authority are stated by himself as follows:

Mr. McCarley testified that at the time of the transaction in question he was the company's State agent. He said: "My duties were to make contracts for the assignment or sale of their goods, either cash or on consignment, do a general business, collecting and closing up contracts or close up agencies or anything that came in the line of doing business for them. I had charge of the agents in Texas; looked after the agents and the property in Texas; had full control of the agencies and business in Texas; whenever there was anything to do in the company's business I did it and had authority to do it and I acted for the company in all matters pertaining to its business in Texas. I suppose that it is a fact that everything I did with reference to all this transaction, with reference to those instruments and Mann and Mrs. Anderson, was done in my capacity as agent for the company."

Article 1223 of the Revised Statutes prescribes the method of serving citations on foreign corporations thus: "In any suit against a foreign, private or public corporation, joint stock company or association or acting corporation or association, citation or other process may be served on the president, vice-president, secretary or treasurer, or general manager, or upon any local agent within this State, of such corporation, joint stock company or association, or acting corporation or association." The person on whom the citation was served in this case was not one of the officers named in the article, and if comprehended in its terms it must be in the phrase, "any local agent within this State." "Local agent," as used in the statute, means an agent at a given place or within a definite district. An "agent for the State," is not "a local agent within this State:" therefore the service upon Alcott, State agent for the corporation, was not authorized by law. The trial court erred in not quashing the return of the sheriff.

The filing of the motion to quash operated as an appearance to the next term in case the motion had been sustained. Rev. Stats., art. 1242. It is contended that after the motion was overruled the defendant should have asked for a postponement until the next term, but that was unnecessary, because when the motion to quash was overruled the defendant was required to answer or suffer judgment by default, and the overruling of his motion to quash would have been no ground for a continuance.

Plaintiff in error contends that its liability for the fraud committed by McCarley should be limited to actual damages suffered by Mrs. Anderson. It was a foreign corporation doing business in Texas under a permit, and none of its general officers appear to have resided in this State, hence the business of the corporation in Texas could be conducted only by agents, as distinguished from officers. Under these circumstances it seems reasonable that the agent placed in charge of the business of such corporation should be clothed with ample powers, and we are of opinion the facts show that the governing body of the corporation constituted McCarley its representative and should be treated as being present as far as a corporation can be in all of McCarley's acts done in performing his duties. The evidence shows that McCarley had authority and discretion to do whatever was necessary to be done in transacting the business of the plaintiff in error in this State, without referring the matter to any other person for direction or advice, and that he did so act in all of its business. We think this places the corporation upon the same footing as "if it had been present in person of its manager speaking and acting for itself and on its own responsibility." Gulf C. & S. F. Ry. Co. v. Reed, 80 Texas, 365. The quotation expresses very clearly what we believe to be a correct proposition of law as applied to the facts of this case. We do not undertake to lay down a general rule upon this subject, but limit our decision to the facts of this case.

Because the trial court erred in refusing to quash the sheriff's return of service, the judgments of the District Court and of the Court of Civil Appeals are reversed and this cause remanded.

*Reversed and remanded.*