INVESTORS DIVERSIFIED SERVICES,
INC., Appellant,

v.

Arnold H. BRUNER, Appellee.

No. 14082.

Court of Civil Appeals of Texas.

Houston.

March 28, 1963.

Rehearing Denied April 18, 1963.

Morris Harrell, Marshall Simmons, John A. Gilliam, Thompson Knight, Wright & Simmons, Dallas, for appellant.

Lyne, Blanchette, Smith & Shelton, Erich F. Klein, Jr.; Ed. M. Brown, Dallas, Ralph Balasco, Houston, for appellee.

WERLEIN, Justice.

Appellee, Arnold H. Bruner, after obtaining a judgment against one Arvard R. Coe, Jr. et al., in the sum of $41,018.52, brought this garnishment suit on such judgment against Investors Diversified Services, Inc., individually and as manager of Investors Variable Payment Fund, Inc., Investors Stock Fund, Inc., Investors Mutual, Inc., Investors Group Canadian, Ltd., Investors Selective Fund, Inc., and Investors Syndicate Life Insurance Co., Inc., as garnishee. A writ of garnishment was served on H. M. Willis, "Manager" of Investors Diversified Services, Inc., and thereafter a default judgment was taken against appellant. Appellant, contending that it did not answer the writ or participate either by person, agent or attorney in the trial resulting in the entry of such default judgment against it, has sued out this writ of error under Articles 2249, 2249a and 2255, Vernon's Annotated Texas Statutes, to have said judgment against it vacated.

The question presented for our consideration is whether the trial court had jurisdiction over appellant when entering the default judgment. It is appellant's contention that the record shows that service of citation and petition were not had upon it in accordance with law. The writ of garnishment was issued March 6, 1962 and executed the same day "by summoning the Investors Diversified Services, Inc., a corporation, by delivering to H. M. Willis in person, Manager of the said Investors Diversified Services, Inc., a true copy of this garnishment."

Appellant asserts that such service was insufficient and did not require appellant to answer the writ of garnishment which was sent to it at its domicile in Minneapolis,

Minnesota by appellant's divisional sales office in Houston. The record indicates that Diversified Services, Inc. is a Minnesota corporation qualified in Texas, and its registered agent for service is C. T. Corporation, Republic National Bank Building, Dallas 1, Texas. Appellant asserts that since it is a foreign corporation qualified to do business in this State, service would have to be made upon it under the provisions of Article 8.10 of the Texas Business Corporation Act, V.A.T.S., which provides:

> "A. The president and all vice presidents of a foreign corporation authorized to transact business in this State and the registered agent so appointed by a foreign corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served."

Article 8.10, subd. B. provides in part:

> "Whenever a foreign corporation authorized to transact business in this State shall fail to appoint or maintain a registered agent in this State, or whenever any such registered agent cannot with reasonable diligence be found at the registered office, or whenever the certificate of authority of a foreign corporation shall be revoked, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served. * * *"

Appellee takes the position that Articles 8.10, subd. A. and 8.10, subd. B. are merely cumulative of Article 2031, Vernon's Annotated Texas Civil Statutes, which provides:

> "In any suit against a foreign corporation, joint stock company or association, or acting corporation or association, pending or hereafter filed in this State, to which any foreign corporation is a party or is to be made a party, process may be served on the President, Vice-President, Secretary, Treasurer, General Manager, or upon any local or travelling agent or travelling salesman of such corporation, joint stock company or association, or acting corporation or association in this State."

Article 2031, which is a general article, has never been expressly repealed. It applies generally to any foreign corporation. Its language does not confine its application to corporations doing business within the State or to corporations authorized to do business within the State. Article 2031a provides in effect that no foreign corporation shall transact business in the State without first having filed in the office of the Secretary of State a designation of an agent for service of process. In the event it fails to designate and keep continually some resident agent for acceptance of service, then service of process may be made upon the Secretary of State. This article applies to a foreign corporation which "shall transact or do any business in this State." It is not by its terms confined in application to foreign corporations *authorized* to do business within the State. Article 8.10, however, expressly confines its application to foreign corporations "authorized to transact business in this State."

It is our view that Article 8.10 of the Business Corporation Act, which is a specific article, providing for process in the case of foreign corporations "authorized to transact business in this State," rather than Articles 2031 and 2031a, V.A.T.S., applies in the instant case, since Investors Diversified Services, Inc., is a foreign corporation qualified and authorized to do business within this State. It is further our view that since service of process was not made upon any officer designated in Article 8.10 of the Business Corporation Act, service was not properly made, and appellee was not required to file an answer or make an appearance in the case.

We can conceive of no reason for the legislature enacting Article 8.10 of

the Business Corporation Act if service of process on a foreign corporation authorized to do business in this State and with a registered designated agent for service may be served under Article 2031, V.A.T.S. We think the obvious purpose of enacting Article 8.10 was to provide a definite and specific manner of service that would remove doubt and uncertainty as to whether legal service of process was made, and protect foreign corporations authorized to do business in this State having a designated agent for service, from the risk incident to deciding whether the person served came within the provisions of Article 2031. If we are mistaken in this view, we think the service of process in this case was also not proper service under Article 2031 since it was not made on the "General Manager" of said corporation or any other person designated in such article, but upon one shown to be, in the sheriff's return dated March 6, 1962, "Manager" of said Investors Diversified Services, Inc., and who in fact was only appellee's divisional sales manager according to the record. The law is well settled in this State that the record must show affirmatively a strict compliance with the mode of service provided, in order to authorize a default judgment. Texaco, Inc. v. McEwen, Tex.Civ.App., 1962, 356 S.W. 2d 809, ref., n. r. e.; Household Furniture Co. v. Alvarado, Tex.Civ.App.1923, 246 S. W. 1111; United States Fidelity & Guaranty Co. v. Daniel, Tex.Civ.App.1932, 52 S.W.2d 108; Latham Co. v. J. M. Radford Grocery Co., 1909, 54 Tex.Civ.App. 510, 117 S.W. 909; Tompkins Machinery & Implement Co. v. Schmidt, Tex.Civ.App., 4 Willson, Civ.Cas.Ct.App. § 134, 16 S.W. 174.

■ It is immaterial that appellant had actual knowledge of the existence of the suit and the issuance of the writ of garnishment. It is not bound to take action until it has been duly served. Harrell v. Mexico Cattle Co., 1889, 73 Tex. 612, 11 S.W. 863; Ellis v. Lamb-McAshan Co., Tex.Civ.App., 264 S.W. 241, aff'd Tex.Com.App., 270 S.W.

547; Shaffer v. Schaleben, Tex.Civ.App. 1951, 236 S.W.2d 234, writ ref., n. r. e.

Appellee takes the position, however, that regardless of the validity and sufficiency of the service of process in question, appellant cannot complain of the default judgment rendered against it because it made an appearance in this cause. After appellant learned of this garnishment proceeding, its counsel, James H. Collins, wrote appellee's attorney, Ralph Balasco, a letter dated March 26, 1962, reading as follows:

"Founded in 1894

INVESTORS

Diversified Services, Inc.

INVESTORS DIVERSIFIED SERVICES, INC.

March 26, 1962

Mr. Ralph Balasco, Attorney
Americana Building
Houston, Texas

Dear Mr. Balasco:

Our divisional sales office in Houston has sent us what appears to be a writ of garnishment issued to a judgment recovered by Arnold H. Bruner against Arvard R. Coe, Jr. et al. one of the holders of shares of Investors Stock Fund, Inc. a mutual fund investment company for which Investors Diversified Services, Inc. acts as investment manager. This account is in the process of being transferred to Mrs. Bernice C. Coe.

Please be advised that our Houston Office is not a general business office nor are the personnel there, including the Divisional Sales Manager, Mr. H. M. Willis authorized to accept service on behalf of any of the companies which you have shown as direct or indirect garnishees in the writ.

Investors Diversified Services, Inc. is a Minnesota corporation qualified in Texas and its registered agent for service is C T Corporation, Republic National Bank Building, Dallas 1, Texas. Investors

Variable Payment Fund, Inc., Investors Stock Fund, Inc., Investors Mutual, Inc., Investors Group Canadian Fund Ltd., Investors Selective Fund, Inc. are mutual investment companies not doing business in Texas but registered under the Texas securities laws.

Investors Syndicate Life Insurance and Annuity Company is qualified in Texas and its agent for service in the state is Texas Insurance Commissioner. Mr. Coe owns no policies of Investors Syndicate Life Insurance and Annuity Company with cash value.

Very truly yours,

James H. Collins
Counsel

JHC:gf

CC: Mr. H. M. Willis, Divisional Sales Manager, Houston, Texas—172

CC: Mr. Arvard R. Coe, Jr., 1004 W. Main, Tomball, Texas

CC: Clerk of Court 582165

CC: C. L. Nungesser."

On the same day appellant's counsel wrote the following letter to the District Clerk of Harris County enclosing a copy of the letter sent to Mr. Balasco:

"Founded in 1894

INVESTORS

Diversified Services, Inc.

INVESTORS DIVERSIFIED SERV-
ICES, INC.

Founded in 1894 Investors Building—
8th and Marquette—
Minneapolis 2, Minnesota

March 26, 1962

Mr. R. J. Lindley, Clerk
District Court
Paris County
Houston, Texas

Re: Bruner vs. Co—, et al.
Case No. 582165

Dear Sir:

Enclosed please find a communication from this company to the attorney for the plaintiff in the above action. I would appreciate it if you would file this communication in your file for the Cause No. 582165.

Very truly yours,

/s/ James H. Collins
James H. Collins
JHC:gf          Counsel
Encl."

Both these letters were filed by the District Clerk of Harris County at 9:44 a. m. on March 29, 1962. On April 3, 1962, default judgment was entered against appellant in the sum of $42,018.52 together with interest thereon from January 15, 1962, and all costs of suit accrued in the main case and also the garnishment proceedings. The judgment recites, among other things: "But the Garnishee, INVESTORS DIVERSI-FIED SERVICES, INC., * * * though duly cited and served in the manner and form and for the time prescribed by law, came not but said Garnishee wholly made default, and has altogether failed to make answer to said writ heretofore issued herein."

Appellee takes the position that appellant made its appearance by having the District Clerk of Harris County file in this cause its letter setting out certain facts with respect to the insufficiency of the service of process upon appellant, advising who was its agent for service, and giving certain information with respect to the companies it managed. Appellant contends that such letter is not an answer and did not constitute an appearance by it. It seems obvious that the trial court entered the default judgment on the theory that appellant had not filed an answer but had wholly made default, after being properly served with process. If we are correct in what is said hereinbefore the service made was not sufficient to require appellant to answer, and hence no default could be taken because of its failure to file an answer.

The letter filed by appellant was either an answer or no answer. We have

neither found nor been cited to any case where a letter such as that filed herein has been held to constitute an answer. In order for an act of the defendant to constitute an answer or appearance it must seek a judgment or an adjudication by the court on some question. St. Louis & S. F. R. Co. v. Hale, 109 Tex. 251, 206 S.W. 75; Republic Oil & Gas Co. v. Owen, Tex.Civ. App., 210 S.W. 319, error ref.; Llanez v. Chisos Mining Co., Tex.Civ.App., 285 S.W. 646; 32 Texas Law Review 58, 88 (1953).

■ As stated at page 43 of 6 C.J.S. Appearances § 13:

"* * * although an act of defendant may have some relation to the cause, it does not constitute a general appearance, if it in no way recognizes that the cause is properly pending or that the court has jurisdiction, and no affirmative action is sought from the court." (citing Pinkston v. Farmers State Bank of Center, Tex.Civ.App., 201 S.W.2d 595)

In Cooper v. Colorado & S. R. Co., Tex. Civ.App.1927, 298 S.W. 612, it was contended by the appellant that the defendant had waived its right to change the venue by its vice president having filed an affidavit to the effect that a certain person was not its agent, the contention being that the defendant thereby entered its appearance in the trial court. The Court of Civil Appeals held that the affidavit could not be construed as an appearance or as the filing of any pleading.

See also Pinkston v. Farmers State Bank of Center, supra, in which the court construed a telegram to the trial judge as referring to the plea of privilege which was received and filed two days after the date of the telegram and held that the telegram was not an appearance on the merits and that it did not operate as a waiver of the plea of privilege.

■ Since the service was void, there was no appearance day upon which appellant was required to answer in order to prevent the taking of a default judgment. If the letter in question be construed as an answer or appearance, as contended by appellee, the garnishment proceeding should have been set for trial as a contested case and notice given as in other cases and as required by Rule 330(b), Texas Rules of Civil Procedure, before taking a default judgment. The default judgment was erroneously taken in violation of such rule, thereby depriving appellant of its day in court. Freeman v. Freeman, 1959, 160 Tex. 148, 327 S.W.2d 428; First Nat. Bank of Fabens v. Pacific Cotton Agency, Tex.Civ. App., 329 S.W.2d 504. The default judgment was also taken erroneously in violation of Rule 5 of the District Court Rules of Harris County, adopted March 20, 1961, as authorized by Rule 245, T.R.C.P., in that no request for setting was made and notice given thereof to adverse counsel as required by such rule, which we judicially notice. McCormick and Ray, Texas Law of Evidence, Second Edition, p. 202, Sec. 184.

■ Appellee also asserts that such letter was an answer, but a defective answer, and, therefore, no answer at all, thus making it possible for the court to enter a default judgment. It is our view that if the defectiveness of the answer results in it constituting no answer whatever, then it was not proper for the court to enter a default judgment since with no answer at all in the case, and no proper service, appellant was not before the court. In the cases relied upon by appellee the situation was different because the garnishee had been duly served.

We are not unmindful of the holding in Gray v. Armour & Co., 129 Tex. 512, 104 S.W.2d 486, in which the Texas Commission of Appeals, through Judge German, stated that prior decisions must be construed as establishing the rule that if the answer filed does not contain responses to all inquiries required to be answered, then the answer may be regarded as insufficient, even in the absence of exceptions or a con-

**816**

troverting affidavit, and judgment by default may be entered against the garnishee. The court also stated, however:

> "If a garnishee files answer which complies with article 4086, it seems to us but a fair and just rule to require the plaintiff to call to the attention of the court by proper exceptions or objections the fact of any insufficiency in the answer, thus affording the garnishee an opportunity to supply a complete answer, and also affording the court an opportunity to prevent injustice and to do justice by all parties."

There is nothing in the record to indicate that if such letter was treated as an answer that its insufficiency was called to the attention of the court by exceptions or objections, and there is certainly nothing to indicate that appellant was ever given an opportunity to furnish a complete answer or the court given an apportunity to prevent injustice and do justice to all parties.

Article 1243 of the Revised Civil Statutes of 1895 provides that an appearance for the purpose of quashing service shall operate as an appearance at the next term of the court. In St. Louis & S. F. R. Co. v. Blocker, Tex.Civ.App.1911, 138 S.W. 156, writ ref., the court held: "Whether the question as to the sufficiency of the service by which it is sought to bring the defendant into court be raised by motion or by plea, the legal effect of the appearance is the same."

The statutes with respect to the filing of a plea or motion to quash service are carried forward in Rule 122, T.R.C.P., which reads as follows:

> "If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a. m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him."

The letter in question, if considered a pleading at all, is in effect a plea or a motion to quash the citation served upon it because improper and insufficient. Even though it also sets out additional facts or information, the part thereof attacking the citation should have first been heard in order to determine whether appellant was before the court. The letter was filed on March 29, 1962, and the default judgment was taken on April 3, 1962. If the letter is construed as a plea or motion to quash the citation, the trial court erred in not sustaining such plea. Western Cottage Piano & Organ Co. v. Anderson, 1904, 97 Tex. 432, 79 S.W. 516. If it had done so, appellant would not have been required to file a complete answer until 10 o'clock a. m. on Monday next after the expiration of twenty days following the court's action. No authority exists for holding that appellant appeared prior to such time. Hence the default judgment was prematurely entered and invalid. Lindsey v. Ferguson, Tex.Civ. App., 80 S.W.2d 407.

Reversed and remanded.