**MOODY NATIONAL BANK, Appellant,**

v.

**Gary M. RIEBSCHLAGER and the Law Firm of O'Quinn, Kerensky, et al., Appellees.**

Nos. 14–96–00041–CV, 14–96–00661–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 15, 1997.

Rehearing Overruled June 19, 1997.

John A. Buckley, Jr., Thomas W. McQuage, Galveston, for appellant.

Daniel J. Goldberg, Houston, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION ON MOTION FOR REHEARING

AMIDEI, Justice.

The appellant's motion for rehearing is overruled. We withdraw our opinion dated February 6, 1997, and substitute the following in its place.

Moody National Bank appeals from two summary judgments granted in favor of appellees, Gary M. Riebschlager and the Law Firm of O'Quinn, Kerensky & McAninch (the "Law Firm"). Appellant applied for a post-judgment writ of garnishment in Galveston County naming Gary M. Riebschlager and the Law Firm of O'Quinn, Kerensky & McAninch as garnishees. On February 4, 1993, appellant's post-judgment writ of garnishment was served on John O'Quinn by a private process server.[1] On March 2, 1993, appellees filed their motions to quash the writ and service of the writ of garnishment along with their answers to the writ of garnishment. In their answers, appellees denied any indebtedness to the judgment defendants, David Goodbar Interests, Inc., or David Goodbar, and alleged they were not properly served with the writ of garnishment. On May 7, 1993, the 122nd District Court of Galveston County, Texas, conducted a hearing and on August 18, 1993, quashed the service of the writ of garnishment. The cases were subsequently transferred to the 281st District Court of Harris County, Texas, for further proceedings. Further service on Riebschlager or the Law Firm was not accomplished by appellant. Appellees filed motions for summary judgment on the grounds that the writ of garnishment was not properly served, and the Law Firm was therefore not liable as a matter of law.

In one point of error, appellant contends the trial court erred in granting appellees' motions for summary judgment. Appellant first argues that by filing an answer and motion to quash the writ of garnishment, appellees have waived the requirement of the actual service of the writ of garnishment by a proper officer under rule 121 of the Texas Rules of Civil Procedure.[2] We disagree.

The writ of garnishment affords a harsh remedy that is provided purely by statute. *Beggs v. Fite*, 130 Tex. 46, 106 S.W.2d 1039, 1042 (1937); *see* TEX. CIV. PRAC. & REM.CODE ANN. §§ 63.001–.005 (Vernon 1986 & Supp.1996); TEX.R. CIV. P. 657–679. For this reason, garnishment proceedings cannot be sustained unless they strictly conform to the statutory requirements and related rules. *Beggs*, 106 S.W.2d at 1042; *Pinkston v. Victoria Bank & Trust Co.*, 215 S.W.2d 245, 247 (Tex.Civ.App.—Waco 1948, no writ). The sheriff or constable receiving the writ of garnishment shall immediately proceed to execute the writ by delivering a copy to the garnishee, and then make return thereof as of other citations. TEX.R. CIV. P. 663. Generally, when a writ of garnishment and summons are issued but not served upon the garnishee, his subsequent appearance and answer give the court no jurisdiction of the fund. *Insurance Co. of North America v. Friedman Bros.*, 74 Tex. 56, 11 S.W. 1046 (1889)

1. Private process servers are prohibited from executing writs of garnishment as only a sheriff or constable may deliver the writs to a garnishee. TEX.R. CIV. P. 663; *Lawyers Civil Process, Inc. v. State ex rel. Vines*, 690 S.W.2d 939, 944 (Tex. App.—Dallas 1985, no writ).

2. Rule 121 provides that "[a]n answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of a citation upon him."

■ In order for an act of the garnishee to constitute an appearance, it must seek a judgment or adjudication by the court on some issue. *See* 17 Tex. Jur. 3d *Creditors' Rights and Remedies* § 373 (1982). And, although an act of the garnishee may have some relation to the cause, it does not constitute a general appearance if it in no way recognizes that the cause is properly pending or that the court has jurisdiction, and no affirmative action is sought from the court. *Id.* When a garnishee appears for the purpose of filing a motion to quash the garnishment, such an appearance does not confer jurisdiction on the court for all purposes, and does not operate as a waiver of an objection as to jurisdiction. *Id.*

■ In this case, the service of the writ was quashed by order of the Galveston trial court, and the record shows no subsequent service on anyone as a garnishee. Following the quashing of the writ, appellant did not attempt to properly re-serve appellee. Therefore, without proper service, appellees never had control or custody of any funds belonging to the judgment debtors. Accordingly, appellant's sub-point of error contending appellees' answers constituted an appearance under rule 121 of the Texas Rules of Civil Procedure is overruled.

On motion for rehearing, appellant also claims rule 122 of the Texas Rules of Civil Procedure applies to this proceeding, which dispenses with the necessity of service of process. Rule 122 provides:

> If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a.m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so,

judgment by default may be rendered against him.

■ However, filing a motion to quash in garnishment proceedings is not comparable to filing a motion to quash citation in ordinary suits, or to filing in ordinary suits a motion to give security in an ordinary suit. 17 Tex. Jur. 3d *Creditors' Rights and Remedies* § 373 (1982).[3] Because the filing of a motion to quash in a garnishment proceeding does not constitute an appearance as in other civil proceedings, rule 122 is wholly inapplicable to this case and does not deem a general appearance for a garnishee who was never served as required by rule 663, Texas Rules of Civil Procedure, should he fail to answer after the motion to quash is granted within the time period required by rule 122.

Appellant argues that rule 122 is applicable to this garnishment proceeding just as in any other civil action and appellees were "deemed" to have appeared at the expiration of the time period in rule 122. To support this proposition, appellant cites *Investors Diversified Services, Inc. v. Bruner,* 366 S.W.2d 810, 816 (Tex.Civ.App.—Houston [1st Dist.] 1963, writ ref'd n.r.e.). *Investors Diversified* involved a garnishee's letter that had been filed with the court which asserted the person served with the writ of garnishment was not authorized to accept service and denied that the judgment debtor owned life and annuity polices with cash value. Default judgment was entered five days after the letter had been filed with the clerk and the court of appeals found the judgment was premature. The court of appeals found the attempted service of citation of a writ of garnishment on a corporate officer was void and the corporation was not required to answer or make an appearance in that case. *Id.* at 812.

The court's opinion was predicated on the assumption that *if* the letter was considered a pleading, it was *"in effect* a plea or a motion to quash the citation" *Id.* at 816.

---

3. In *Harrell v. Mexico Cattle Co.,* 73 Tex. 612, 11 S.W. 863 (1889), the supreme court held:

[T]he garnishee cannot accept service or voluntarily answer so as to affect the right of the defendant in the original suit or judgment, or that of his creditors. The writ of garnishment takes effect so as to fix a prior claim upon the fund which is sought to be reached, only by the service of the writ in the manner prescribed by law. Until this is done the garnishee cannot be in any manner affected by the suit. *Id.,* 11 S.W. at 865.

(emphasis added). The court then opined that "*If* the letter is construed as a plea or motion to quash the citation, the trial court erred in not sustaining such plea.... *If* it had done so, appellant would not have been required to file a complete answer until 10 o'clock a.m. on Monday next after the expiration of twenty days following the court's action." *Id.* (emphasis added). The opinions expressed by the court were on issues that were not necessarily involved in that case and must be considered judicial dicta. *See Lester v. First American Bank,* 866 S.W.2d 361, 363 (Tex.App.—Waco 1993, writ denied) ("Dictum, which includes expressions of opinion on a point or issue not necessarily involved in the case, will not create binding precedent under stare decisis.") The holding only construes what the court would have held *had the letter been considered a pleading.* Appellant has cited, and we have found, no Texas authority holding that rule 122 applies to the situation presented in this case, *i.e.,* whether rule 122 of the Texas Rules of Civil Procedure requires a garnishee to file an answer after the void service of citation is quashed or be deemed to have appeared for all purposes. Accordingly, appellant's subpoint with regard to rule 122 is overruled.

Appellant next argues he amended his pleading to allege the garnishee conspired with the judgment debtor to remove funds from the operative effect of the garnishment writ. Appellant contends that appellees, as garnishees, engaged in fraudulent transfers before being served with the writ of garnishment and these allegations constitute a claim independent from the ancillary garnishment proceeding. We disagree.

Appellant's claim against appellees is entirely predicated on appellees' status as garnishees; until such time as the writ of garnishment was served, appellant had no "claim upon the fund which is sought to be reached." *Harrell,* 11 S.W. at 865. Because appellees were not properly served, and the motions to quash the service were granted, appellees never reached the status of "garnishees," which would have entitled appellant to pursue its claim for fraudulent transfers *before* the writ of garnishment was served.

*See Holloway Seed Co. v. City Nat'l Bank,* 92 Tex. 187, 47 S.W. 95, 97–98 (1898). We find that any potential claim appellant had against appellees as garnishees was rendered moot because appellees were never properly served with a writ of garnishment. Appellant's sub-point of error claiming its pleadings constituted an independent cause of action is overruled.

Appellant next argues that appellees are not entitled to attorney's fees which were awarded pursuant to rule 677 of the Texas Rules of Civil Procedure. Appellees' motion for summary judgment included the affidavit of their attorney claiming he had expended "in excess of 170 hours in representing O'Quinn in this garnishment action." Appellant filed no counter-affidavit controverting this affidavit. An attorney's affidavit alone constitutes expert testimony that will support an award of attorney's fees in a summary judgment proceeding. *Knighton v. IBM,* 856 S.W.2d 206, 210 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Moreover, in the absence of controverting evidence, the affidavit of counsel regarding attorney's fees will support the trial court's award of such fees. *Id.* Therefore, the evidence is sufficient to sustain the trial court's award of attorney's fees.

Furthermore, appellant did not object to appellees' request for attorney's fees. Rule 52(a) of the Texas Rules of Appellate Procedure requires a party to present to the trial court a timely request, objection, or motion in order to preserve a complaint for appeal. *Id.; see Cannon v. Lemon,* 843 S.W.2d 178, 183 (Tex.App.—Houston [14th Dist.] 1992, writ denied). By failing to properly object to appellees' request for attorney's fees, bring the objection or exception to the trial court's attention, and secure a ruling in the trial court, appellant has waived the award of attorney's fees. *Id.* We overrule appellant's sub-point of error contending the trial court erred in awarding appellees attorney's fees.

Accordingly, the judgment of the trial court is affirmed.