NUMBER 13-02-379-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      
 
ADELA DRYDEN,                                                                        Appellant,

v. 

AMERICAN BANK AND JAMES DRYDEN,                               Appellees.
                                                                                                                                      

On appeal from the 148th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion by Justice Yañez

 
          This is a post-judgment garnishment proceeding that was filed against appellee,
American Bank, N.A. (“the bank”) by appellant, Adela Dryden, seeking to garnish funds of
appellee/debtor, James Dryden, held by the bank. Following a bench trial, the trial court
rendered judgment in favor of the bank, absolving it of liability to both Adela Dryden and
James Dryden. The trial court further ordered appellant to pay the bank: (1) attorneys’
fees in the amount of $7,500; (2) post-judgment interest on that amount at an annual rate
of ten percent; (3) court costs; (4) an additional $4,000 in attorneys’ fees in the event of an
unsuccessful appeal to the court of appeals; and (5) an additional $2,000 in attorneys’ fees
in the event of an unsuccessful appeal to the Texas Supreme Court. In a single issue,
appellant contends the trial court erred in rendering judgment against her and in awarding 
the bank attorneys’ fees against her. We affirm. 
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4.
          Appellant contends the trial court erred in denying her a garnishment judgment
because, pursuant to appellee James Dryden’s motion to dissolve the writ of garnishment,
the court ordered the bank on April 30, 2001 to “immediately release” the funds trapped
by the writ of garnishment. The bank argues, however, that the trial court did not err in
absolving it of liability and in awarding it attorneys’ fees because by having her writ of
garnishment served by a private process server, appellant never perfected the trial court’s
jurisdiction over the funds sought to be garnished. As a result, the bank argues, the trial
court could only dissolve the garnishment and assess attorneys’ fees in its favor against
appellant. 
          We begin by addressing the bank’s argument that by having the writ of garnishment
served by a private process server, appellant never perfected the trial court’s jurisdiction
over the funds sought to be garnished. 
Jurisdiction
          Texas Rule of Civil Procedure provides:
The sheriff or constable receiving the writ of garnishment shall immediately
proceed to execute the same by delivering a copy thereof to the garnishee,
and shall make return thereof as of other citations.
 
Tex. R. Civ. P. 663.

          Because garnishment is an extraordinary remedy, the Texas Supreme Court has
held that garnishment proceedings “cannot be sustained unless they are in strict conformity
with statutory requirements.” Beggs v. Fite, 130 Tex. 46, 106 S.W.2d 1039, 1042 (Tex.
1937); Mendoza v. Luke Fruia Invs., Inc., 962 S.W.2d 650, 651 (Tex. App.–Corpus Christi
1998, no pet.); Moody Nat’l Bank v. Riebschlager, 946 S.W.2d 521, 523 (Tex.
App.–Houston [14th Dist.] 1997, writ denied). The sheriff or constable receiving the writ
of garnishment shall immediately proceed to execute the writ by delivering a copy to the
garnishee, and then “make return thereof as of other citations.” Moody, 946 S.W.2d at
523; see Tex. R. Civ. P. 663. Generally, when a writ of garnishment and summons are
issued but not served upon the garnishee, his subsequent appearance and answer give
the court no jurisdiction of the fund. Moody, 946 S.W.2d at 523. When a garnishee
appears for the purpose of filing a motion to quash the garnishment, such an appearance
does not confer jurisdiction on the court for all purposes, and does not operate as a waiver
of an objection as to jurisdiction. Id. at 524.

          Here, it is undisputed that appellant’s post-judgment writ of garnishment was served
on the bank by a private process server. Private process servers are prohibited from
executing writs of garnishment as only a sheriff or constable may deliver the writs to a
garnishee. Id. at 523 n.1 (citing Tex. R. Civ. P. 663; Lawyers Civil Process, Inc. v. State
ex rel. Vines, 690 S.W.2d 939, 944 (Tex. App.–Dallas 1985, no writ)). Thus, because the
bank was never properly served with the writ of garnishment, it never had control or
custody of any funds belonging to James Dryden. Accordingly, we hold that because the
trial court never acquired jurisdiction over the funds, see Moody, 946 S.W.2d at 524, it
could only dissolve the writ of garnishment and award the bank its attorneys’ fees. We
hold that the trial court did not err in denying appellant a garnishment judgment.

Attorneys’ Fees

          Appellant also contends the trial court erred in awarding the bank attorneys’ fees. 
Appellant argues that when the bank becomes an active litigant, it is not entitled to
attorneys’ fees. 

          A garnishee that contests a writ of garnishment and prevails is entitled to attorneys’
fees. See Tex. R. Civ. P. 677 (where garnishee is discharged upon his answer, 
garnishee’s attorneys’ fees shall be taxed against plaintiff); see also Rowley v. Lake Area
Nat’l Bank, 976 S.W.2d 715, 724 (Tex. App.–Houston [1st Dist.] 1998, pet. denied)
(interpreting rule 677 to mean prevailing garnishee is entitled to recover attorneys’ fees
from garnishor); Henry v. Ins. Co. of N. Am., 879 S.W.2d 366, 369 (Tex. App.–Houston
[14th Dist.] 1994, no writ) (garnishee entitled to recovery of attorneys’ fees expended in
answering writ of garnishment). As is generally the case, the amount of an award of
attorneys’ fees rests in the sound discretion of the trial court, and its judgment will not be
reversed on appeal absent a clear abuse of discretion. Rowley, 976 S.W.2d at 724. In the
absence of controverting evidence, the affidavit of counsel regarding attorneys’ fees will
support the trial court’s award of such fees. Moody, 946 S.W.2d at 525. 

          Here, the bank’s attorney testified at the bench trial that the bank had incurred
$21,214.63 in legal fees defending itself against appellant’s claims. The record contains 
copies of invoices detailing legal services incurred by the bank in the amount of
$21,214.63. The trial court ordered appellant to pay the bank $7,500 in attorneys’ fees,
plus $4,000 in appellate fees in the event of an unsuccessful appeal to this Court, and an
additional $2,000 in fees in the event of an unsuccessful appeal to the Texas Supreme
Court.


 We hold that the trial court did not abuse its discretion in its award of attorneys’
fees to the bank. We overrule appellant’s sole issue. We affirm the trial court’s judgment. 


 
 
                                                                                                                                            
                                                                           LINDA REYNA YAÑEZ,
                                                                           Justice





Memorandum Opinion delivered and filed 
this the 26th day of August, 2004.