## TROILO v. GITTINGER.   (No. 6567.)

(Court of Civil Appeals of Texas. San Antonio. March 30, 1921. Rehearing Denied April 30, 1921.)

1. Officers ⊚⇒82—Quo warranto ⊚⇒10—Injunction not invoked to try right to office, but to restrain interference with officer.

Injunction cannot be invoked to try the right to an office, provision being made in Rev. St. 1911, art. 6403, for ouster of any intruder into or usurper of any office through an information in the nature of quo warranto, but injunction will lie in a proceeding by one elected precinct weigher and in possession of the office against one unlawfully claiming to hold another office which authorizes him to discharge the duties of weighing in the precinct conjointly with plaintiff and collect fees for labor performed by him.

2. Officers ⊚⇒82—District court had jurisdiction of action to enjoin interference with plaintiff's possession of office.

District court had jurisdiction of an action by public weigher of a precinct to enjoin one, claiming to hold another office which gave him the right to weigh in the precinct and receive fees therefor, from interfering with the former's possession of his office.

3. Weights and measures ⊚⇒2—Statute as to public weighers held repealed.

The law of 1883 applying to public weighers as embodied in Sayles' Ann. Civ. St. 1897, art. 4308, was repealed by Acts 1899, c. 155.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by Charles A. Troilo against A. L. Gittinger. Judgment for defendant and plaintiff appeals. Reversed and remanded, with instructions.

C. A. Davies, of San Antonio, and R. L, Neal, of Waco, for appellant.

Chambers, Watson & Johnson, of San Antonio, for appellee.

FLY, C. J. This suit was instituted by appellant against appellee, the object of it, according to the prayer of the petition, being to restrain appellee "from publicly weighing in precinct No. 1, Bexar county, Tex., any article of commerce required or authorized to be weighed for the purpose of sale in said precinct, and for weighing for any person or persons having such articles for sale, that he be further temporarily restrained from using a seal upon certificates marked public weigher of precinct No. 1, Bexar county, Tex., and that upon a hearing hereof he have your honor's most gracious temporary writ of injunction during the pendency hereof, and that upon the final hearing hereof the said temporary injunction be made final and

permanent, and that the complainant have his judgment for the amount of fees so illegally and unlawfully collected by the respondent and his execution therefor with interest thereon from date of collection, and for his costs of suit, and for all other relief to which either in law or in equity he is entitled he doth ever pray." The petition alleged that appellant had been duly elected, November 2, 1920, to the office of public weigher for precinct No. 1 of Bexar county, that he had duly qualified and been duly commissioned and given a bond as required by law, and that by virtue of these facts he was the only official authorized weigher in said precinct and has been performing his duties in connection therewith. It is further alleged that appellee was unlawfully weighing for the public, in precinct No. 1, cotton and other products and collecting the fees therefor, and was usurping the office of public weigher in said precinct. A general demurrer and eleven special exceptions were urged to the petition, of which nine were sustained, and a temporary restraining order was set aside in so far as it restrained appellee from weighing cotton and other products in precinct No. 1, but continuing that part of the order which restrained appellee from using a seal marked "public weigher, precinct No. 1, Bexar county, Tex." From that order this appeal has been perfected.

[1] If the suit was one to try the right to an office through the medium of a writ of injunction, of which the party had been deprived by a usurper, injunction could not be invoked. Provision is made in title 114, Revised Statutes, for ouster of any intruder into or usurper of any office, through an information in the nature of quo warranto. In article 6403 under that title it is provided that the remedy and mode of procedure by quo warranto, as prescribed in the title, shall be construed to be cumulative of any existing remedy. In chapter 8 of title 49 of the Revised Statutes the mode of procedure in the contest of elections is fully set forth and defined. We know of no other methods of trying the title to an office in Texas. Under the allegations in appellant's petition, in order to obtain the redress sought by him, it would be incumbent on him merely to show that he was in the lawful possession of the office of public weigher of precinct No. 1, and that appellee was interfering with him in the discharge of the powers of the office and collecting the fees connected therewith.

The pleadings do not show the case of a usurper who has taken possession of an office, as it is necessary to do in a quo warranto proceeding, but is one which alleges the possession of an office by appellant, and the interference by appellee with appellant in the discharge of the duties of an office of which he holds possession. Appellant does not allege that appellee is in possession of the office of public weigher of precinct No. 1, but that he claims to hold another office which authorizes him to discharge the duties of the precinct office conjointly with appellant and collect fees for labor performed by him. Appellant is asserting that he actually holds possession of an office and is seeking to restrain appellee from interfering with him in the discharge of the duties imposed upon him by law. He has the right under the authorities to obtain such relief. Discussing this subject in the case of Callaghan v. McGown, 90 S. W. 319, this court held:

"That a public officer, either de jure or de facto, in possession of an office, is entitled to an injunction to restrain one who disputes his right to it or any one else from interfering with him in the discharge of his official duties, is too well settled to require discussion."

In the case of Callaghan v. Tobin, 40 Tex. Civ. App. 441, 90 S. W. 328, this court said:

"This court is amply sustained in the proposition that a de facto officer can restrain the usurper or intruder from unlawful interference with his possession of the office and the papers and property pertaining thereto."

In the case last cited the following quotation from Reemelin v. Mosby, 47 Ohio St. 570, 26 N. E. 717, was approved:

"An injunction may be properly allowed, however, where parties are at issue concerning their legal rights, and it is necessary to preserve their rights in statu quo until the determination of the controversy. And we entertain no doubt of the correctness of the rule established by the cases referred to by counsel for the motion, which is that the remedy by injunction may be employed by the incumbent of a public office to protect his possession against the interference of an adverse claimant whose title is in dispute, until the latter shall establish his title at law."

The same was held in the case of Callaghan v. Irvin, 40 Tex. Civ. App. 453, 90 S. W. 335, and writs of error were refused in all three cases.

The distinction which is clearly recognized in the case of Jackson v. Houser, 208 S. W. 186, between a suit to oust a person from an office and to protect one in possession is drawn in the Callaghan-Tobin Case as follows:

"The suit does not purport to be one between claimants for the office, each claiming to have the legal right thereto, but is a proceeding to enjoin persons making no claim to the office, but who are contemplating and intending to dispossess the party seeking the injunction. This distinction must be kept in view in the consideration of the questions submitted."

So in this case no one is claiming the office of precinct public weigher, except ap-

(230 S.W.)

pellant, but appellee, though holding another and different office, is disturbing appellant in his possession of the office to which he was duly elected and interfering with him in the exercise of his duties and privileges. The case of Callaghan v. Tobin was largely quoted from and fully indorsed and approved by the Court of Civil Appeals of the Eighth District in the case of Ware v. Welch, 149 S. W. 263. There can be no doubt of the correctness of the holding in those cases, and the allegations in appellant's petition bring him clearly within the scope of the same. Neither is the case of McAllen v. Rhodes, 65 Tex. 348, nor of Uhr v. Brown, 191 S. W. 379, cited by appellee, applicable to the facts pleaded by appellant. In each of those cases it was held that the title to an office held by another could not be adjudicated through the medium of an injunction, and in the last-named case the case of Callaghan v. McGown is cited with approval, and the distinction between suing for an office held by some one else and suing to prevent interference with an office by the incumbent is drawn.

If, as alleged by appellee, he had been duly elected the public weigher of Bexar county, and he by virtue of said office had the right to exercise the authority granted by his office in precinct No. 1, that would be a matter of defense when the case was tried on its merits, but would not prevent the matter of the fees of the office of public weigher being held in statu quo by a writ of injunction until the matter was finally determined. Of course, any interest claimed by appellee in the fees would be protected by a proper bond in injunction given by appellant.

[2] The district court undoubtedly had jurisdiction of the case. This matter is discussed and fully determined by this court in Callaghan v. Tobin, herein cited.

[3] In regard to the law applying to public weighers, it may be stated that the law of 1883 as embodied in article 4308, Sayles' Statutes of 1897, was repealed by Acts 1899, c. 155. Perry v. Carlisle, 151 S. W. 1155. That case also fully sustains the propriety of an injunction in cases like the one now pending before this court.

The questions as to whether the law of 1919 in regard to public weighers is not all the law in regard thereto, and as to whether the office of county weigher exists, are not properly raised through the exceptions to the petition and are not before this court. We hold that none of the exceptions to the petition was properly sustained.

The judgment is reversed, and cause remanded, with instructions to the district judge to issue a temporary injunction as prayed for until the cause can be tried upon its merits.

---

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes