LAWYERS CIVIL PROCESS, INC., and Grandstaff Civil Process Co., Appellants,

v.

The STATE of Texas, on the Relation of T.A. VINES, Jesse Dawson, Forrest Keene, Jack Richardson, Ray Hollis, Homer Demoss, Buck Withrow, Jess E. Carter and Don Byrd, Appellees.

No. 05–84–00491–CV.

Court of Appeals of Texas, Dallas.

April 2, 1985.

Ken R. Davey, Reagan M. Martin, Harvey L. Davis, Dallas, for appellants.

Marc H. Richman, Dallas, for appellees.

Before CARVER, ALLEN and WHITHAM, JJ.

CARVER, Justice.

Appellants, Lawyers Civil Process, Inc., and Grandstaff Civil Process Co., private process servers, appeal a judgment of the trial court permanently enjoining them from (1) executing certain types of civil process; (2) serving citations which have not first been tendered to the sheriff, constable, or clerk of the court for attempted service; (3) serving citations without an affidavit specifically stating why the sheriff, constable, or clerk of court was unable to serve said citations and an order of the court allowing substituted service; (4) allowing anyone to serve process who was not individually authorized to serve by terms of a court order; and (5) serving civil process from justice of the peace courts without being deputized by the justice of the peace to serve civil process.

This suit was originally brought by appellees in their respective capacities as the Sheriff and constables of Dallas County to secure a permanent injunction against appellants to prevent them from serving civil process in Dallas County. Thereafter the State of Texas, through Henry Wade, Criminal District Attorney of Dallas County, Texas, on the relation of appellees, intervened with an action in quo warranto upon the same facts urging that the appellants had usurped the offices of the elected officials.

Appellants bring four points of error: (1) the trial court should have granted appellants' motion to dismiss, because the Dallas district and county judges are necessary and indispensable parties who were not joined in the suit; (2) the portion of the trial court's judgment requiring appellants to first tender citations to the sheriff, constable or clerk of court for attempted service is error, because there is no statute or rule of procedure requiring such tender when appellants have been appointed as process servers by court orders of the district and county courts; (3) appellees are not proper parties to bring an action for usurpation of their elective offices, because appellants' service of process under court order is not usurpation of appellees' offices; and (4) this action was not properly brought as an action in quo warranto because the service of process under court order does not constitute the usurpation of appellees' elective offices. We overrule each point of error for the reasons set forth below, but modify the injunction to permit appellants to serve certain notices as permitted by the Texas Rules of Civil Procedure.

1. *Requirement of Tender to Sheriff*

We address appellants' second point of error first because its resolution will simplify our discussion of points one, three and four. Appellants assert that the trial court's judgment was erroneous because no statute or rule of civil procedure requires court-appointed process servers to: (1) tender citations first to the sheriff, constable, or clerk of court for attempted service; or (2) refrain from serving a citation without an order of court allowing substituted service, and an affidavit specifically stating why the sheriff, constable, or clerk of court was unable to serve the citation. Appellants further argue that the trial court's order erroneously vests the exclusive power in appellees to serve citations, when all of the statutes and rules of civil procedure regarding service are permissive rather than mandatory. We disagree with appellants' contentions.

The general rule regarding writs and process in Texas is TEX.R.CIV.P. 15, which provides in part: "[U]nless otherwise specifically provided by law or these rules every such writ and process *shall* be

directed to any *sheriff* or *constable* within the State of Texas...." (emphasis added). Article 6873, TEX.REV.CIV.STAT.ANN. (Vernon 1960), provides that "[e]ach sheriff *shall* execute all process and precepts directed to him by legal authority ..." (emphasis added). Similarly, TEX.REV.CIV. STAT.ANN. art. 6885 (Vernon 1960) provides that constables *"shall* execute and return according to law all processes, warrants and precepts to him directed and delivered by any lawful officer ..." (emphasis added). The statutes also provide penalties for sheriffs and constables who fail to make a proper return of citation. TEX. REV.CIV.STAT.ANN. arts. 6873 and 6887 (Vernon 1960). Thus, the duty of the sheriffs and constables regarding service is set forth in mandatory terms. *See also Henry S. Miller Co. v. Evans,* 452 S.W.2d 426, 433 (Tex.1970) (sheriff is required to execute process).

In addition to these provisions, Texas Rules of Civil Procedure 103, 104 and 106 specify the officers who may serve process and the manner in which service is to be made. Rule 106 begins: "(a) Unless the citation or an order of the court otherwise directs, the citation *shall* be served by any officer authorized by Rule 103 ..." (emphasis added). Rule 103 permits process to be served by "the sheriff or any constable ... provided that no officer who is a party to or interested in the outcome of a suit shall serve any process therein." Rule 103 also permits the clerk of court to serve process by registered or certified mail or by publication.

 Rule 106 does not explicitly authorize service by private process servers. The rule provides:

(a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any officer authorized by Rule 103 by

(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

(2) mailing to the defendant by registered or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

(1) by an officer or by any disinterested adult named in the court's order by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Appellants strongly urge that the phrase "[u]nless the citation or an order of the court otherwise directs ..." gives court-appointed private process servers the same authority that a sheriff or constable is given under the rule. We disagree. We do not interpret the phrase to authorize service by means not otherwise provided for in the rules of civil procedure. The citation or a court order might "otherwise direct" that service be accomplished by publication under Rule 109, for example, or that service be made in accordance with the law of a foreign country under Rule 108a. A trial court may not, however, "otherwise direct" that service be made by a method not authorized by the rules. The rules regarding service of process have always been strictly construed; failure to comply with them renders service void. *Harrison v. Dallas Court Reporting College, Inc.,* 589 S.W.2d 813, 816 (Tex.Civ.App.—Dallas 1979, no writ).

 We therefore hold that Rule 106 requires that an "officer" authorized by Rule 103 must first attempt service by one of the methods set forth in Rule 106(a)(1)

and (2), and a motion and affidavit as described in Rule 106(b) must be filed showing that the officer attempted service without success, before a trial court may order service by a private process server. The trial court ordered this exact procedure to be followed by appellants here; consequently, we find no error in that portion of the judgment.

Appellants forcefully argue that the backlog of unserved citations caused by inadequate manpower and funds in the sheriff's and constables' offices necessitates and justifies the use of private process servers who are not required to first present a citation to a Rule 103 officer for attempted service. We cannot here, however, redraft the applicable statutes and rules to address the problem to appellants' satisfaction. *See* Pope and McConnico, *Practicing Law the 1981 Texas Rules*, 32 Baylor L.Rev. 457, 486 (1980) (a committee of the Texas Legislature in 1977 expressly disapproved the idea of legislation that would permit the use of private process servers). As stated by the Attorney General, the statute requiring sheriffs to execute process "is absolute in its terms and an inadequate operating budget will not excuse a sheriff's failure to execute process directed to him." Op.Tex. Att'y Gen. No. H-595 (1975).

In Pope and McConnico, *Practicing Law With the 1981 Texas Rules*, 32 Baylor L.Rev. 457 (1980), the authors recognized that sheriffs are required to perform services that they may not have the manpower to deliver, but stated that the commissioners court "under the law must resolve the defect by furnishing necessary funds to employ personnel for service of process." 32 Baylor L.Rev. at 485. The authors continued: "The problem will be solved when the present law is followed. Instead of imposing the penalties upon the sheriffs, the legislature should require the commissioners to provide the persons needed to perform the services...." *Id.* at 485–86 (footnote omitted). It should also be noted that the rules of civil procedure do authorize a form of service carried out by an "officer" *other* than a sheriff or constable. Since 1981, Rules 103 and 106 have permitted service by the clerk of court by certified or registered mail. *See* Figari, *Texas Civil Procedure*, 35 Sw.L.J. 359, 364–65 (1981). For these reasons, we reject appellants' argument that we must reverse the trial court's judgment ordering appellants to follow the applicable rules and statutes because of a backlog in the sheriff's and constables' offices.

We next address appellants' attack on the portion of the trial court's judgment that prohibits them from executing seven types of civil process: (1) distress warrants; (2) writs of garnishment; (3) writs of execution; (4) writs of attachment; (5) writs of sequestration; (6) writs of habeas corpus; and (7) any writ for the enforcement of judgments or seizures of persons or property. We must examine the rules of civil procedure pertaining to these types of process to determine whether the trial court's judgment was correct.

The rules regarding writs of attachment, distress warrants, and writs of sequestration are similar and will be considered together. For each of these proceedings, there is a rule drafted in mandatory terms providing that the writ or warrant *"shall* be directed to the sheriff or any constable within the State of Texas." *See* TEX.R. CIV.P. 593 (attachment); 612 (distress warrant); 699 (sequestration) (emphasis added). The rules then provide that the writ or warrant "shall *command* " the sheriff or constable to attach or take into his possession the property described. *Id.* For the actual execution of the writ or warrant, then, the rules mandate that only a sheriff or constable may act.

After the physical execution of the writ or warrant, however, the rules provide for service of a copy of the writ or warrant on the defendant to give notice of the levy. *See* TEX.R.CIV.P. 598a (attachment); 613 (distress warrant); 700a (sequestration). Each of these rules provides that the defendant shall be served "in any manner prescribed for service of citation, *or* as provided in Rule 21a ..." (emphasis add-

ed). Rule 21a provides for service of "every notice required by these rules, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules...." The rule permits service of notice "by a party to the suit or his attorney of record, *or* by the proper sheriff, *or* constable, *or by any other person competent to testify.*" (Emphasis added).

■ In its findings of fact, the trial court stated that "Defendants have *executed* the following types of civil process which they are not authorized to *execute* ..." (emphasis added), and the judgment permanently enjoined appellants from "executing" the seven types of civil process listed above. From this language, it is not clear whether appellants were enjoined only from levying the writs and warrants, or whether they were enjoined from both the levy and the service of notice. We find from the language of the rules that the trial court properly enjoined the levy of the writs and warrants. Under Rule 21a, however, appellants should be permitted to serve the notices provided for in Rules 598a, 613, and 700a. We therefore modify the trial court's judgment to permit appellants to serve notice under these rules.

■ The rules regarding garnishment are slightly different from the rules discussed above. The writ is directed to the garnishee rather than to the sheriff or constable. Rule 662 provides that the writ of garnishment "may be delivered to the sheriff or constable by the officer who issued it, or he may deliver it to the plaintiff, his agent or attorney, for that purpose." Thus, the officer issuing the writ has the choice of delivering it directly to the sheriff or constable, or delivering it to the plaintiff, his agent or attorney for delivery to the sheriff or constable. Under Rule 663, the sheriff or constable receiving the writ "*shall* immediately proceed to execute the same." Thus, as in the rules regarding distress warrants and writs of attachment and sequestration, the rules contemplate and require that only a sheriff or constable will actually deliver the writ to the gar-

nishee. Similarly, Rule 663a provides for notice to the defendant that his property has been garnished, and the notice may be served pursuant to Rule 21a. The judgment, then, should be modified to permit appellants to serve notices under Rule 663a, but should be upheld as to actual execution of the writ under Rules 662 and 663. Because appellants do not attack the portion of the judgment enjoining them from executing writs of habeas corpus, writs of execution, and writs for the enforcement of judgments or seizures of property, we will not disturb that portion of the trial court's judgment. Appellants' second ground of error is overruled, but the trial court's judgment is modified insofar as it may have prohibited service of notices by appellants under Rules 598a, 613, 663a, and 700a.

## 2. *Necessary and Indispensible Parties*

Appellants next assert that the trial court erroneously overruled their motion to dismiss for failure to join the district and county judges of Dallas County as necessary and indispensable parties. We overrule this point of error for the reasons set forth below.

■ Generally, a trial court has broad discretion under the rules of civil procedure in questions regarding joinder of parties. *Williamson v. Tucker,* 615 S.W.2d 881, 886 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r. e.). The trial court's determination of matters of joinder will not be disturbed on appeal except for abuse of discretion. *Williamson,* 615 S.W.2d at 886–87. Even under the rule regarding joinder of persons needed for just adjudication, TEX.R.CIV.P. 39, there is "no arbitrary standard or precise formula for determining whether a person falls within its provisions." *Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200, 204 (Tex.1974). As this Court has stated, "[e]ach case under rule 39 necessarily must turn on an application of its facts." *Williamson,* 615 S.W.2d at 887.

■ We hold that the trial court did not abuse its discretion in refusing to grant

appellants' motion to dismiss for several reasons. First, the court could accord complete relief among appellants and appellees without joinder of the judges. *See* TEX.R. CIV.P. 39(a)(1). Appellees as plaintiffs requested only that appellants be enjoined from serving certain types of process and from executing certain writs in Dallas County. This relief could be granted regardless of whether the judges were joined or not.

Second, the judges do not have an "interest" in the subject of the controversy. *See* TEX.R.CIV.P. 39(a)(2). Appellants urge that an "interest" was demonstrated by the testimony of several judges that they had found private process servers helpful in preventing a backlog in their cases. This testimony, however, indicates an "interest" only in the efficient administration of justice, which a judge has in any suit brought before him or her. The judges are not "interested" in the outcome of this suit in the sense of having joint rights and obligations to be adjudicated. *See William-son*, 615 S.W.2d at 887.

Third, appellants will not incur inconsistent obligations from nonjoinder of the judges. *See* TEX.R.CIV.P. 39(a)(2)(ii). Appellants argue that the judges will continue to order them to serve process in contravention of the trial court's judgment here, so that they will be put in the position of deciding which court's order to obey. We reject this argument. As discussed above, the trial court's judgment was correct under the rules of civil procedure, and we trust that the district and county judges of Dallas County will conform their future orders to the requirements of the rules.

For these reasons, we hold that the trial court did not abuse its discretion in overruling appellants' motion to dismiss for failure to join indispensable parties. As stated by the Texas Supreme Court in *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200, 204 (Tex.1974), "it would be rare indeed if there were a person whose presence were so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined." The facts here do not present such a case. Appellants' point of error is overruled.

### 3. *Standing; Quo Warranto*

In their third and fourth points of error, appellants challenge the trial court's conclusions of law that: (1) appellees were proper parties in their own right to bring an action to prevent usurpation of their elective offices; and (2) the action was properly brought as an information in quo warranto by the District Attorney of Dallas County as a cumulative remedy to appellees' action. We overrule these points of error.

As discussed earlier in this opinion, appellants have served types of process that only the appellees are entitled to serve under the applicable statutes and rules of civil procedure. Appellants, then, have not sought to become sheriffs or constables themselves, but have merely claimed that they as officers of the court are also entitled to perform some of the functions of a sheriff or constable. If appellees had sued to actually try the title to their offices, injunction would not be available as a remedy. *Troilo v. Gittinger*, 230 S.W. 233, 234 (Tex.Civ.App.—San Antonio 1921, no writ). Quo warranto would be the exclusive remedy for such a complaint. *Lewis v. Drake*, 641 S.W.2d 392, 394 (Tex. App.—Dallas 1982, no writ). Here, however, appellees are attempting only to restrain appellants from interfering with the discharge of appellees' official duties. Injunction is therefore a proper remedy.

In *Troilo v. Gittinger*, 230 S.W. 233 (Tex.Civ.App.—San Antonio 1921, no writ), the court found that an injunction was the proper remedy under similar facts. The appellant in *Troilo* had been elected as the public weigher of precinct number one in Bexar County. Appellee was not an elected official, but was weighing products for the public in the same precinct. The appellant sought an injunction to prevent appellee from performing the functions of appellant's office. The court, after recognizing that quo warranto and not injunctive relief

would be proper if the suit was one to try the right to an office, stated:

> The pleadings do not show the case of a usurper who has taken possession of an office, as is necessary to do in a quo warranto proceeding, but is one which alleges the possession of an office by appellant, *and the interference by appellee with appellant in the discharge of the duties of an office* of which he holds possession. Appellant does not allege that appellee is in possession of the office of public weigher of precinct No. 1, but that *he claims to hold another office which authorizes him to discharge the duties of the precinct office conjointly with appellant....* Appellant is asserting that he actually holds possession of an office and *is seeking to restrain appellee from interfering with him in the discharge of the duties imposed upon him by law. He has the right under the authorities to obtain such relief.*

230 S.W. at 234 (emphasis added).

We therefore uphold the trial court's determination that appellees were proper parties to bring a suit for injunction in their own right for usurpation of their elective offices. Moreover, as discussed above, we find that under the rules of civil procedure, the trial court properly granted the injunctive relief requested, based upon its findings of fact. Because the trial court rendered a correct judgment on the controlling findings of fact, then, we need not decide whether its conclusion of law that the action was properly brought as an information in quo warranto was error. As stated in *City of Corpus Christi v. Davis*, 575 S.W.2d 46, 55 (Tex.Civ.App.—Corpus Christi 1978, no writ): "If the controlling findings of fact will support a judgment on a correct legal theory, incorrect legal conclusions stated in the judgment will not require a reversal." We therefore overrule appellants' third and fourth points of error.

The judgment of the trial court is affirmed as modified.