NUMBER 13-02-00126-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 



JIM WAYNE GRIGGS AND GLORIA GRIGGS, Appellants,



v.



MICHELLE HELEN LATHAM AND TAYLOR WAYNE LATHAM, Appellees.


On appeal from the 28th District Court of Nueces County, Texas.


O P I N I O N

Before Justices Hinojosa, Castillo, and Chavez (1)

Opinion by Justice Hinojosa




 Appellants, Jim Wayne Griggs and Gloria Griggs ("the Griggs"), appeal from the trial court's order setting aside an agreed
order granting them grandparent access to their minor grandchildren, T.J.L. and J.M.L. In five issues, the Griggs generally
contend the trial court erred in setting aside the agreed order. We affirm.

 On September 26, 1999, appellees, Michelle Helen Latham ("Michelle") and Taylor Wayne Latham ("Taylor"), were
divorced in the 28th District Court of Nueces County, Texas. The divorce decree named Michelle and Taylor as joint
managing conservators of T.J.L. and J.M.L. and included a Standard Possession Order that gave Taylor the right of
possession of the children on the first, third, and fifth weekends of each month, beginning at 6:00 p.m. on Friday and
ending at 6:00 p.m. on Sunday. 

 On August 14, 2000, Michelle's father, Jim Wayne Griggs, and stepmother, Gloria Griggs, filed a petition for grandparent
access. The Griggs sought access to and possession of the children. The Griggs named Michelle and Taylor as parties and
served both with process.

 On April 9, 2001, Jim Griggs filed a written "Notice of Nonsuit," stating that he no longer desired to prosecute his suit
against Taylor. On May 23, 2001, the parties appeared for trial. The Griggs' attorney then announced in open court that the
Griggs had nonsuited their case against Taylor. (2) When the trial court asked whether Taylor had any pleadings on file
seeking affirmative relief, the Griggs counsel stated: "He has not, Your Honor. So therefore, he is not a party and is subject
to the rule." The Griggs invoked the rule, (3) and all witnesses who were nonparties were removed from the courtroom,
including Taylor.

 Following Michelle's testimony, the Griggs and Michelle entered into a settlement agreement that was read into the record. 
The agreement provided that the Griggs would have visitation access to the minor children on the first Saturday and first
Sunday of each month for a period of four hours each day. The trial court approved the parties' agreement and rendered
judgment in accordance with that agreement. The agreement was reduced to writing and was signed by the trial court on
July 17, 2001. We will refer to this order, entitled "Agreed Order Granting Grandparent Access," as "the Agreed Order."

 On November 15, 2001, the Griggs filed a "Motion for Enforcement and Order to Appear," asserting that Michelle had
failed to comply with the Agreed Order by refusing to allow the Griggs to have access to the minor children. The Griggs
also filed a "Petition to Modify Parent-Child Relationship," naming Taylor and Michelle as parties and asserting that the
Agreed Order should be modified because the circumstances had materially and substantially changed since the court's
rendition of that order.

 On December 20, 2001, Taylor filed his "Respondent's Plea in Abatement, Original Answer and Motion to Dismiss for
Lack of Jurisdiction and to Set Aside Void Order." Taylor asserted that the Agreed Order was void as a matter of law
because he was not a party to the order, as required by Texas Rule of Civil Procedure 39.

 On January 3, 2002, the Griggs filed special exceptions to Taylor's pleadings. A hearing was held on January 9, 2002, and
the trial court granted the plea in abatement and set aside and declared void the Agreed Order. The court stated: "I think we
need to start over on this case."

 By their fifth issue, the Griggs complain that "the trial court erred and abused its discretion in setting aside the Agreed
Order Granting Grandparent Access based on [their] nonsuit of [Taylor]." The Griggs contend that because they did not
seek any of Taylor's time with the children, he was not a necessary party and, therefore, properly nonsuited. We disagree.

 Rule 39(a) of the Texas Rules of Civil Procedure provides:

A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief
cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so
situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect
that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or
otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that
he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an
involuntary plaintiff. 


Tex. R. Civ. P. 39(a).

 The compulsory joinder rule focuses not so much on whether the court has jurisdiction over the parties, but rather on
whether the court ought to proceed with the parties before it. Cooper v. Texas Gulf Indus., Inc., 513 S.W.2d 200, 204 (Tex.
1974);Hedley Feedlot, Inc. v. Weatherly Trust, 855 S.W.2d 826, 832 (Tex. App.-Amarillo 1993, writ denied). Generally,
the trial court has broad discretion under the rules of civil procedure in questions regarding the joinder of parties, and its
determination will not be disturbed on appeal except for abuse of discretion. Lawyers Civil Process, Inc. v. State ex rel.
Vines, 690 S.W.2d 939, 944 (Tex. App.-Dallas 1985, no writ); Williamson v. Tucker, 615 S.W.2d 881, 886-87 (Tex. Civ.
App.-Dallas 1981, writ ref'd n.r.e.). Even under the rule regarding joinder of persons needed for just adjudication, there is
"no arbitrary standard or precise formula for determining whether a particular person falls within its provisions." Cooper,
513 S.W.2d at 204; Lawyers Civil Process, Inc., 690 S.W.2d at 944. Cases involving joinder disputes must turn on an
application of the particular facts involved. Lawyers Civil Process, Inc., 690 S.W.2d at 944; Williamson, 615 S.W.2d at
887. 

 The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A reviewing court cannot conclude that a
trial court abused its discretion simply because, in the same circumstances, it would have ruled differently, or because the
trial court committed a mere error in judgment. E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex.
1995); Loftin v. Martin, 776 S.W.2d 145, 146 (Tex. 1989). 

 When the Griggs invoked the rule at the May 23, 2001 hearing, Michelle's counsel asked that Taylor be allowed to remain
in the courtroom. The following colloquy then ensued:

The Griggs' Counsel: Judge, . . . . Mr. Latham only has a possession schedule and we didn't feel like the Court, in granting
grandparent access, would cut into a possessory conservator's visitation schedule, so he was nonsuited.



Michelle's Counsel: Your Honor, our position is that being the father of the children, it is a must for him to be here so he
can understand what is happening and so forth, and we would request that he be allowed to come in. He is a nonparty.



The Court: Did he file any affirmative pleading of any kind?



The Griggs' Counsel: He has not, Your Honor. So therefore, he is not a party and is subject to the rule.



The Court: He may very well be a necessary party to this. And if he is not yet in the case, unless everybody can agree to
get him in the case, you may be looking at some kind of delay.



The Griggs' Counsel: I didn't see him as a necessary party, Your Honor. He was represented at one time by Mr. Mark
Giles, who is a very competent board certified attorney and they didn't file any kind of affirmative relief whatsoever.



The Court: Well, are these the parents of the father who has been nonsuited?



The Griggs' Counsel: No, they're not, the mother.



The Court: Okay. You're the mother's parents?



The Griggs' Counsel: Right.



The Court: Okay. So they're asking only for visitation from the mother's - maternal grandparents, and your position is that
his rights are not involved and your position is that the Court, if the Court is going to grant it, the Court may need to look at
the time the child's away from the mother.



The Griggs' Counsel: She is a witness, Judge, and available to testify.



 All nonparties were removed from the courtroom, including Taylor. Following Michelle's testimony, the Griggs and
Michelle asked the trial court to render an agreed order that the Griggs have possession of the minor children on the first
Saturday and first Sunday of each month, for a period of four hours each day. The trial court approved the agreement and
rendered the Agreed Order.

 In this appeal, the Griggs contend that because they did not seek any of Taylor's time with the children, he was not a
necessary party and, therefore, properly nonsuited. The Agreed Order, however, conflicted with the divorce decree's
Standard Possession Order which gave Taylor possession of the children on the first, third, and fifth weekends of each
month. Clearly, Taylor had an interest in a proceeding involving access to his children, and his ability to protect that
interest was impaired or impeded by the Griggs' nonsuit and their insistence that he not be in the courtroom during the
hearing.

 Furthermore, the divorce decree names Taylor as a joint managing conservator of T.J.L. and J.M.L. Thus, he is a person
entitled to receive citation and a person needed for just adjudication to any action to modify an order involving access to his
children. See Tex. Fam. Code Ann. § 102.009 (Vernon 2002).

 We hold that the trial court did not err in granting Taylor's plea in abatement and declaring the Agreed Order void as a
matter of law. Appellants' fifth issue is overruled.

 In light of our disposition of this issue, it is not necessary that we address appellants' remaining issues. Tex. R. App. P.
47.1.

 The trial court's order is affirmed.





FEDERICO G. HINOJOSA

Justice




Opinion delivered and filed this the

20th day of February, 2003. 

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Texas Supreme Court pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. In Texas, the plaintiff has an absolute right to take a nonsuit at any time before the close of evidence. Hooks v. Fourth
Court of Appeals, 808 S.W.2d 56, 59 (Tex. 1991) (orig. proceeding); Ventura v. Banales, 905 S.W.2d 423, 424 (Tex.
App.-Corpus Christi 1995, orig. proceeding); see also Tex. R. Civ. P. 162. A plaintiff's right to nonsuit the case by written
motion or oral motion in open court is absolute, unless the defendant, prior to that time, has filed pleadings seeking
affirmative relief. Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex. 1982); Zimmerman v. Ottis, 941 S.W.2d 259, 261
(Tex. App.-Corpus Christi 1996, orig. proceeding).

3. Tex. R. Evid. 614 and Tex. R. Civ. P. 267.