COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| IN RE: | § | No. 08-19-00119-CV |
| WALTER L. BOYAKI, | § | AN ORIGINAL PROCEEDING |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF BOYAKI | | IN MANDMAUS |
| FAMILY TRUST, | § | |
| RELATORS. | § | |
| | § | |
| | § | |

## CORRECTED  OPINION

The opinion issued on August 28, 2019 is hereby withdrawn, and the following is the substituted opinion of this Court.

Relators, Walter L. Boyaki, Individually and as Representative of Boyaki Family Trust, filed a mandamus petition against the Honorable Alyssa G. Perez, Judge of the 210th District Court of El Paso County, Texas, asking that the Court order Respondent to vacate her order requiring Relators to file an amended petition joining Brother Edwin Gallagher and Brother Richard Fish as defendants.  We conditionally grant mandamus relief.

### FACTUAL SUMMARY

Walter L. Boyaki and the Boyaki Family Trust sued the real parties in interest to recover a donation made to the St. Joseph School on or about February 2, 2015 in the amount of $6,250

which Relators intended to fund scholarships at the school. The petition alleges that on January 20, 2016, Defendants acknowledged receipt of $6,000 and thanked Relators for donating to the Defendant Foundation. On February 10, 2016, Walter L. Boyaki sent a letter to the Defendant Foundation complaining that the donated funds had been misapplied. The petition alleges that Defendants Carpenter and Seitz diverted the donation to the Foundation for the Diocese of El Paso without Boyaki's permission. Boyaki requested that the funds be transferred back to St. Joseph School, but Defendants failed to do so. Relators' petition includes claims for breach of contract, DTPA violations, and fraud.

Defendants filed a motion to abate requesting that the trial court order Relators to join Brother Edwin Gallagher and Brother Richard Fish (collectively referred to as "the Brothers") as "indispensable" parties. In order to evaluate the arguments presented in the mandamus petition and response, it is necessary to have an understanding of the Brothers' relationship to St. Joseph School amid allegations that the Brothers misappropriated large sums of money belonging to the school. Included in the mandamus record is an Indebtedness Agreement executed by the Diocese of El Paso on behalf of St. Joseph Parish and the Brothers of the Poor of St. Francis, Inc. (the Corporation) on June 1, 2016. The Indebtedness Agreement includes the following recitals:

> Brother Edwin Gallagher, CFP, and Brother Richard Fish, CFP, (the 'Brothers'), who are members of the Order,[1] began teaching and providing administrative services to [St. Joseph School] in 1989 and retired in 2015.
> During their tenure, Brother Edwin and Brother Richard misappropriated at least $800,264 of funds owned by [St. Joseph School].
> In order to induce St. Joseph not to take legal action against the Corporation, the Order, and the Brothers, the Corporation and the Order have agreed to reimburse St. Joseph the sum of $800,264 as provided [in the Indebtedness Agreement].

The Corporation agreed to make four installment payments to St. Joseph School in 2016

---

[1] According to the Indebtedness Agreement, the Corporation is the civil law embodiment of a Catholic Order of Franciscan brothers who provide teaching and administrative services to Catholic schools located in the United States and other countries.

and 2017. Upon payment of the $800,246, St. Joseph School agreed to provide the Corporation, the Order, and the Brothers with a complete release of all claims and causes of action. The final installment payment was made in April 2017. Walter L. Boyaki and the Boyaki Family Trust also released the Brothers from "any and all liability either or both may have, if any, concerning the transfer of certain scholarship monies provided to St. Joseph School in 2015 by Releasors from St. Joseph School to either the Foundation for the Diocese of El Paso, the Catholic Legacy Fund, or any other entity controlled by the Foundation for the Diocese of El Paso."

On April 9, 2019, the trial court entered an amended order granting Defendants' motion to abate and ordering Relators to file an amended petition joining Brother Edwin Gallagher and Brother Richard Fish as defendants. The order provided that if Relators failed to file the amended petition by April 24, 2019, the case would be set for dismissal. Relators filed a mandamus petition challenging the ruling, and the Court granted a motion to stay the April 9, 2019 order.

## DEFENDANTS' MOTION TO DISMISS

Defendants filed a motion to dismiss the mandamus petition because Relators did not include in the mandamus record a transcription of the hearings held on March 27, 2019 and April 3, 2019 or all of the exhibits admitted into evidence at those hearings. After filing the motion to dismiss, Defendants provided the transcriptions and exhibits with their response to the mandamus petition. Rule 52.7(a)(2) requires that the relator file with the petition a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter. TEX.R.APP.P. 52.7(a)(2). Relators chose the latter course of action and they maintain in their response to the motion that no relevant testimony was adduced in these hearings.

Defendants are correct that Linda Caro, Interim Chief Operating Officer of the Foundation

of the Diocese of El Paso testified at the March 27, 2019 hearing and several exhibits were admitted through her testimony. Her testimony was offered, however, by the Defendants in support of their plea to the jurisdiction which was heard at the same hearing. No additional testimony was offered during the hearing on the Defendants' motion to abate, but they expressly relied on one of the exhibits admitted during the hearing on the plea to the jurisdiction, Defendant's Exhibit 2. That exhibit is a copy of a check for $6,000 from St. Joseph School to the Foundation. That exhibit is included in the mandamus record filed by Relators. No testimony was offered at the April 3, 2019 hearing.

While the Court prefers to have the transcriptions from any hearings pertaining to the issue being raised in an original proceeding, Rule 52.7 requires that the relator only provide "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence," TEX.R.APP.P. 52.7(a)(2). We conclude that Relators complied with the requirements of Rule 52.7. Defendants' motion to dismiss is denied.

**IMPROPER JOINDER**

In their sole issue, Relators argue that the trial court clearly abused its discretion by ordering them to file an amended petition joining the Brothers as defendants.

*Mandamus Standard and Applicable Law*

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court committed a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Frank Kent Motor Company*, 361 S.W.3d 628, 630 (Tex. 2012); *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court abuses its discretion when it acts arbitrarily, capriciously, and without reference to guiding principles. *In re Mid–Century Insurance Company of Texas*, 426 S.W.3d 169, 178 (Tex.App.—Houston [1st Dist.]

2012, orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Consequently, an abuse of discretion occurs if a trial court clearly fails to correctly analyze or apply the law. *In re Olshan Foundation Repair Co., LLC*, 328 S.W.3d 883, 888 (Tex. 2010).

Trial courts have broad discretion in matters involving joinder of parties, and we review a trial court's joinder decision for an abuse of that discretion. *Royal Petroleum Corp. v. Dennis*, 332 S.W.2d 313, 317 (Tex. 1960); *Longoria v. Exxon Mobil Corporation*, 255 S.W.3d 174, 179 (Tex.App.—San Antonio 2008, pet. denied). Although the trial court's discretion is broad, mandamus relief may be granted if the trial court abuses that discretion. *See In re Corcoran*, 401 S.W.3d 136, 139 (Tex.App.—Houston [14th Dist.] 2011, orig. proceeding); *In re Arthur Andersen, L.L.P.*, 121 S.W.3d 471, 483 (Tex.App.—Houston [14th Dist.] 2003, orig. proceeding).

The trial court's discretion is guided by Rule 39 of the Texas Rules of Civil Procedure, entitled "Joinder of Persons Needed for Just Adjudication." TEX.R.CIV.P. 39. Rule 39(a) provides:

> **(a) Persons to be Joined if Feasible**. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

TEX.R.CIV.P. 39(a).

While Rule 39(a) provides for joinder of indispensable parties in mandatory terms, "there is no arbitrary standard or precise formula for determining whether a particular person falls within

its provision." *Longoria*, 255 S.W.3d at 180, *quoting Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200, 204 (Tex. 1974). Rule 39(a) does not focus on whether the court has jurisdiction over the parties, but rather whether the court should proceed with the parties before it. *Henry v. Cox,* 520 S.W.3d 28, 34 (Tex. 2017); *Amboree v. Bonton,* 575 S.W.3d 38, 48-51 (Tex.App.—Houston [1st District] 2019, no pet.); *Hedley Feedlot, Inc. v. Weatherly Trust,* 855 S.W.2d 826, 832 (Tex.App.—Amarillo 1993, writ denied)(in trust action beneficiaries who did not participate in trial are not considered necessary parties to the case).

As the Texas Supreme Court made clear in *Crawford,* a necessary party under Rule 39(a)(2) must claim an interest relating to the subject of the action. *Crawford v. XTO Energy, Inc.,* 509 S.W.3d 906, 912 (Tex. 2017). The *Crawford* Court defined "claim" as follows:

> [M]eans 'to demand recognition of (as a title, distinction, possession, or power) esp. as a right'; 'to demand delivery or possession of by or as if by right'; 'to assert or establish a right or privilege.' *Claim*, WEBSTER'S THIRD NEW INT'L DICTIONARY (2002); *see also Claim*, THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (5th ed. 2016)(defining claim in pertinent part as '[t]o demand, ask for, or take as one's own or one's due'; '[t]o state to be true, especially when open to question; assert or maintain').

There is nothing in the record before us to indicate that the Brothers claim an interest relating to the subject matter of the action. Further, Relators have released the Brothers from any potential cause of action related to the donated funds at issue in this case. Thus, Rule 39(a)(2) is inapplicable.

Rule 39(a)(1) requires the presence of all persons who have an interest in the litigation so that any relief awarded will effectively and completely adjudicate the dispute. *Brooks v. Northglen Association*, 141 S.W.3d 158, 162 (Tex. 2004). In order for the Brothers' joinder to be required under Rule 39(a)(1), the trial court was required to find that in the Brothers' absence, complete relief could not be accorded among those already a party to the dispute. *See Kodiak Resources,*

- 6 -

*Inc. v. Smith,* 361 S.W.3d 246 (Tex.App.—Beaumont 2012, no pet.);*Griggs v. Latham,* 98 S.W.3d 382 (Tex.App.—Corpus Christi 2003, pet denied).

The record does not demonstrate that the trial court could not effectively and completely adjudicate the dispute between Relators and Defendants without the joinder of the Brothers. While the Brothers may be fact witnesses with respect to the donation made by Relators, we are unable to conclude that they must be joined as parties in order for the trial court to completely adjudicate the dispute between Relators and Defendants. Issue One is sustained. The trial court is directed to set aside the April 9, 2019 amended order granting Defendants' motion to abate and ordering Relators to file an amended petition joining Brother Edwin Gallagher and Brother Richard Fish as defendants. The writ of mandamus will issue only in the event the trial court fails to comply within a reasonable period of time.

August 28, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.